GOODEN v. CAMDEN FIRE INSURANCE ASSOCIATION.

Insurance—Notice of Cancellation.
> Statutory provisions for cancellation of insurance policies require actual receipt of notice of cancellation by insured to effectuate cancellation of the insurance contract, and where issue of receipt is raised, competent evidence is required to rebut the statutory presumption of receipt (CLS 1961, § 500.3020).

Appeal from Common Pleas Court of Detroit, O'Hair (John D.), J. Submitted Division 1 May 17, 1968, at Detroit. (Docket No. 3,548.) Decided June 24, 1968. Leave to appeal denied September 12, 1968. See 381 Mich 775.

Declaration by Bennie Gooden against Camden Fire Insurance Association, a corporation, and Manufacturers National Bank of Detroit for amounts due under policy of automobile insurance. Judgment of no cause of action as to Manufacturers Na-

---

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur, Insurance §§ 385, 386.

tional Bank. Judgment for plaintiff against defendant Camden Fire Insurance Association. Defendant Association appeals. Affirmed.

*Kratchman & Kratchman,* for plaintiff.

*Daniel A. Burress,* for defendant Camden Fire Insurance Association.

PER CURIAM. Plaintiff purchased a 1959 Dodge pick-up truck on an installment sales contract from Walters Motor Sales in Detroit, Michigan. As provided in the contract, Walters Motor Sales obtained from defendant herein a contract of insurance providing coverage from May 24, 1965 to May 24, 1966.

On February 19, 1966, plaintiff's 1959 Dodge pickup truck, while parked in front of his house, was struck and damaged by a hit-and-run driver. Plaintiff called his insurance company, defendant herein, on February 21, 1966, to report the loss, and was advised that his insurance had been previously cancelled. Two days later he received by mail, a cancellation and a partial return of his insurance premium.

An action in assumpsit was brought by plaintiff against defendant to recover damages in the amount of $316.99. Defendant denied liability contending that plaintiff's insurance contract had been cancelled prior to plaintiff's loss pursuant to CLS 1961, § 500.3020 (Stat Ann 1968 Cum Supp § 24.13020), which provides for the cancellation of insurance policies.

In a written opinion the trial judge found the evidence established that defendant had mailed statutory notice of cancellation to plaintiff's residence on June 22, 1965, but that plaintiff had not received the notice of cancellation. The trial court

further determined that CLS 1961, § 500.3020 (Stat Ann 1968 Cum Supp § 24.13020)* requires actual receipt of notice of cancellation by the insured to effectuate cancellation of an insurance contract. Judgment was entered in favor of plaintiff and against defendant. Defendant has appealed.

The issue of receipt was raised by competent evidence which rebuts the statutory presumption. After examining the record and authorities cited in the briefs of the parties, we conclude that the trial court's determination was correct. *Galkin* v. *Lincoln Mutual Gas Co.* (1937), 279 Mich 327 and *De Haan* v. *Marvin* (1951), 331 Mich 231.

Affirmed. Costs to appellee.

T. G. KAVANAGH, P. J., and HOLBROOK and BEER, JJ., concurred.

---

* CLS 1961, § 500.3020 (Stat Ann 1968 Cum Supp § 24.13020) provides in part as follows:

"The policy may be cancelled at any time by the insurer by mailing to the insured at his address last known to the insurer or its authorized agent * * * written notice of cancellation. * * * The mailing of notice as aforesaid shall be prima facie proof of notice. Delivery of such notice shall be equivalent to mailing."