Du BRUL v AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY

INSURANCE—AUTOMOBILES—INSURANCE BINDER—CANCELLATION OF INSURANCE—NOTICE—STATUTES.

A statutory requirement of a written 10 days' notice of cancellation to an insured is required once a valid insurance binder has been issued in order to revoke the insurance under the binder, and where a plaintiff owner of a vehicle was insured under a binder issued to her employer, and a certificate of insurance was issued to the plaintiff, notice of cancellation given to the employer but not to the plaintiff was not sufficient to cancel the insurance on plaintiff's vehicle (MCLA 500.3020).

Appeal from Wayne, Harry J. Dingeman, J. Submitted Division 1 March 13, 1975, at Detroit. (Docket No. 19959.) Decided April 8, 1975.

Complaint by Charlotte Du Brul against American Manufacturers Mutual Insurance Company and Benyas Corporation for a declaratory judgment that she was insured under an insurance binder issued by defendants. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Gerald S. Surowiec,* for plaintiff.

*Honigman, Miller, Schwartz & Cohn* (by *Charles H. Tobias),* for Benyas Corporation.

*Gemuend, Barbier & Goulet,* for American Manufacturers Mutual Insurance Company.

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance §§ 8, 10.

Before: R. B. Burns, P. J., and T. M. Burns and R. M. Maher, JJ.

R. B. Burns, P. J. Plaintiff instituted suit for a declaratory judgment to determine if a certain insurance policy issued by defendant American Manufacturers Mutual Insurance Company through its agent, the Benyas Corporation, covered her with regard to an automobile accident. The trial court held that she was not covered. We reverse.

Defendant was self-employed, delivering catered food for Crown Catering. She used a Ford van owned by her for such deliveries. On March 15, 1970, American, through its agent the Benyas Corporation, issued her a certificate of insurance for the van. The certificate was issued to the plaintiff as a result of an arrangement between plaintiff, Crown Catering, and defendants. Although plaintiff owned the van, Crown Catering was to have the van insured on its fleet policy. Defendants had issued a 30-day binder to Crown Catering and sent a certificate of insurance to the plaintiff. On March 27, 1970, defendants cancelled Crown's insurance but did not notify the plaintiff of the cancellation.

On April 9, 1970, plaintiff was involved in an accident. American refused to defend plaintiff, claiming that plaintiff was not covered by insurance on April 9, 1970.

Plaintiff claims that defendants are estopped to deny coverage because they failed to notify her that the policy had been cancelled.

MCLA 500.3020; MSA 24.13020, in 1970 required an insurer to mail to the insured at his last known address "a 10 days' written notice of cancellation".

*State Automobile Mutual Insurance Co v Babcock,* 54 Mich App 194; 220 NW2d 717 (1974), held that, once a valid insurance binder had been issued, the 10 days' notice of cancellation must be given the insured to validly revoke the insurance.

Plaintiff was the title holder of the Ford van which was insured under the binder issued to Crown Catering. As owner of a vehicle insured under the contract, she was an insured. Defendants did not give plaintiff the necessary 10 days' notice of cancellation; therefore she was still insured under the contract at the date of the accident.

Reversed and remanded for further proceedings consistent with this opinion. Costs to plaintiff.