GOOD v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

1. INSURANCE—STATUTES—NOTICE OF CANCELLATION—MAILING OF NOTICE—PRESUMPTION OF RECEIPT.

The effect of a statutory provision that the mailing of an insurance cancellation notice to the insured is prima facie proof of notice is to codify the common law presumption that a letter mailed is presumed received by the addressee (MCLA 500.3020; MSA 24.13020).

2. EVIDENCE—MAILING OF LETTER—BUSINESS CUSTOM.

Evidence of the business custom or usage of an established business is sufficient to show the fact of mailing of a letter without further testimony by an employee regarding compliance with the custom, because such testimony would be merely cumulative of a description of the office practice.

3. EVIDENCE—MAILING OF LETTER—BUSINESS CUSTOM—RECEIPT BY ADDRESSEE—REBUTTAL PRESUMPTIONS.

Upon proper evidence of business custom and habit of a commercial house as to addressing and mailing, the mere execution of a letter in the usual course of business raises a rebuttable presumption of subsequent receipt by the addressee, and the fact that a letter was mailed with a return address but was not returned lends strength to this presumption.

4. EVIDENCE—INSURANCE—PRESUMPTIONS—REBUTTAL EVIDENCE—NOTICE OF CANCELLATION—MAILING OF NOTICES—RECEIPT BY ADDRESSEE.

A presumption becomes only a permissible inference when competent evidence is offered in rebuttal, but if the trier of fact cannot decide upon which side the evidence preponderates, then the presumption governs as a matter of law; therefore, a plaintiff insured was properly presumed to have received no-

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 29 Am Jur 2d, Evidence § 193 *et seq.*
44 Am Jur 2d, Insurance § 1978.
[2, 3] 30 Am Jur 2d, Evidence § 1119.
44 Am Jur 2d, Insurance § 1983.

tices of cancellation of an insurance policy where evidence was presented to show that such notices were mailed and where the trial court, sitting without a jury, found that the plaintiff failed to establish by a preponderance of the evidence that she had not received the notices.

Appeal from Macomb, George R. Deneweth, J. Submitted November 13, 1975, at Detroit. (Docket No. 22407.) Decided February 10, 1976.

Complaint by Frances Good against the Detroit Automobile Inter-Insurance Exchange for a declaratory judgment that an insurance policy had not been cancelled. Judgment for defendant. Plaintiff appeals. Affirmed.

*Ross, Bruff & Henriksen,* for plaintiff.

*Nunneley, Nunneley, Hirt & Rinehart* (by *James J. Disser),* for defendant.

Before: BASHARA, P. J., and D. F. WALSH and W. S. WHITE,* JJ.

BASHARA, J. This is an appeal of a judgment for the defendant in a declaratory judgment action. GCR 1963, 521. The plaintiff sought a determination of whether her automobile policy covering a family car was cancelled on January 11, 1972, after the car was involved in an automobile collision on March 18, 1972. The issues presented all revolve around whether the plaintiff received the notices cancelling her insurance policy.

The first issue raised on appeal is whether the insured must have actually received the notice of cancellation. We recognize that there is a split of opinion on this issue between two panels of our

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Court. *Gooden v Camden Fire Insurance Assoc,* 11 Mich App 695; 162 NW2d 147 (1968), *lv den* 381 Mich 775 (1968), held that the notice of insurance cancellation statute, MCLA 500.3020; MSA 24.13020, required actual receipt of notice to effectuate cancellation of the insurance contract. *Raptis v Safeguard Insurance Co,* 13 Mich App 193; 163 NW2d 835 (1968), interpreted the same statute to mean that mailing of a notice of cancellation in accordance with the statute constituted prima facie proof that notice was received.

In *Galkin v Lincoln Mutual Casualty Co,* 279 Mich 327; 272 NW 694 (1937), the Supreme Court construed the predecessor to MCLA 500.3020; MSA 24.13020,[1] to require that notice of cancellation of an insurance policy must actually be received by the insured. *DeHaan v Marvin,* 331 Mich 231, 241; 49 NW2d 148 (1951), followed the holding in *Galkin* but stated that the insurer, in proving actual receipt of notice by the insured could avail itself of the presumption that a letter mailed is presumed received by the addressee. If the insured denies receiving the cancellation notice, a question of fact is raised that should be resolved by the

---

[1] "No policy of casualty insurance, excepting workmen's compensation, but including all classes of automobile coverage, shall be issued or delivered in this state by any corporation or other insurer authorized to do business in this state for which a premium or advance assessment is charged, unless there shall be contained within such policy a provision whereby the policy shall be cancelled at any time at the request of the insured, in which case the company shall, upon demand and surrender of the policy, refund the excess of paid premium or assessment above the customary short rates for the expired time, and whereby the policy may be cancelled at any time by the company *by giving to the insured a five [5] days' written notice of cancellation* with or without tender of the excess of paid premium or assessment above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand and the notice of cancellation shall state that the said excess premium (if not tendered) will be refunded on demand, and furthermore that such cancellation shall be without prejudice to any claim originating prior thereto." (Emphasis supplied.) 1929 CL 12461.

trier of fact. *DeHaan v Marvin, supra, Cooper v State Farm Mutual Automobile Insurance Co,* 33 Mich App 390, 392–393; 190 NW2d 350 (1971).

1951 PA 260, amended in relevant part the notice of cancellation of insurance statute by adding the following:

"The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date (and hour) of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice shall be equivalent to mailing."

1953 PA 214, amended the above section to read as follows:

"The mailing of notice as aforesaid shall be prima facie proof of notice. Delivery of such written notice shall be equivalent to mailing."

We hold that the effect of these amendments was to codify the common law presumption that a letter mailed is presumed received by the addressee.[2] They had no effect on the holdings of either *Galkin v Lincoln Mutual Casualty Co, supra,* or *DeHaan v Marvin, supra.*

The next issue for our consideration is whether the defendant presented sufficient evidence of mailing to invoke the presumption that notice of cancellation was received by the plaintiff. Plaintiff

[2] We disagree with Justice (then Judge) LEVIN's dissent in *Raptis v Safeguard Insurance Co,* 13 Mich App 193, 201; 163 NW2d 835 (1968), where he stated in the footnote that 1953 PA 214, was passed to foreclose the interpretation that actual notice of cancellation was no longer required. The purpose of 1953 PA 214 was to rectify an inconsistency in the statute by amendment of 1951 PA 260, which provided initially that five days notice was necessary for cancellation, while stating later that "the effective date (and hour) of cancellation stated in the notice shall become the end of the policy period".

denies that she received any of the cancellation notices.

The defendant's procedure for billing customers and cancelling policies was explained by a general supervisor of those functions at the defendant's main office. The supervisor testified that the plaintiff paid premiums on an installment plan. On December 13, 1971 a premium notice was mailed to the plaintiff requesting payment by December 23, 1971. When the premium was not received by the defendant a cancellation premium notice was mailed to the plaintiff on December 30, 1971 notifying her that unless the premium was forthcoming, the policy would be cancelled on January 11, 1972. The premium was not paid and on January 20, 1972 the defendant mailed the plaintiff a cancellation of policy notice.

Copies of the premium notice were not kept by the defendant. However, copies of both the cancellation premium notice and the cancellation of policy notice were prepared with the originals sent by van to the branch office where the plaintiff conducted her business.

The office mailing procedure was also explained by the supervisor. Each day the computer prepares a list of the total number of original notices issued. The notices are taken to the mailroom and stuffed in picture window envelopes. The number of envelopes stuffed are compared with the number of notices produced by the computer. If the totals reconcile, the notices are taken to the post office and mailed. No evidence was presented by the employees who performed these functions as to whether they complied with office mailing procedure on the days in question.

It is presumed that a letter mailed in the due course of business is received. *Long-Bell Lumber*

*Co v Nyman,* 145 Mich 477, 481; 108 NW 1019 (1906). A conflict exists as to what evidence of a private business or custom is necessary to prove the mailing of a letter. The majority view is that proof of business custom is insufficient to establish mailing in the absence of proof showing compliance with the custom. See cases cited in 25 ALR 9, 13–20, supplemented by 86 ALR 541, 544–546; and see also 30 Am Jur 2d, Evidence § 1119, p 284, n 12. However, a significant minority, with which we agree, has adopted the view that evidence of business custom or usage is sufficient to establish the fact of mailing without further testimony by an employee of compliance with the custom. See *Leasing Associates, Inc v Slaughter & Son, Inc,* 450 F2d 174 (CA 8, 1971), *Myers v Moore-Kile Co,* 279 F 233, 25 ALR 1 (CA 5, 1922), *Consolidated Motors, Inc v Skousen,* 56 Ariz 481; 109 P2d 41, 132 ALR 1040 (1941), *cert den* 314 US 631; 62 S Ct 64; 86 L Ed 507 (1941).

The rationale supportive of the minority rule is that to require employees to testify that they complied with the ordinary business practice would be merely cumulative, considering the modern volume of corporate correspondence. *Myers v Moore-Kile Co, supra.* Mail clerks or other employees could hardly be expected to remember posting a particular letter or emptying a mail tray on a particular day and most likely could only reiterate the executive's description of the office practice. *Leasing Associates, Inc v Slaughter & Son, Inc, supra,* McCormick, Evidence (2d ed), § 195, p 464, n 18.

Furthermore, other factors considered with the presumption lend weight to its validity. For example, the fact that the copies were found without the original in the place where they would have

been found had the original been mailed, is sufficient, in the absence of evidence to the contrary, to support a finding that the original had been properly mailed. *Consolidated Motors, Inc v Skousen, supra.* Copies of the cancellation premium notice and cancellation of policy notice were found at the branch office. Moreover, the fact that a letter was mailed with a return address but was not returned lends strength to the presumption that the letter was received. *Baker v Temple,* 160 Mich 318; 125 NW 63 (1910), *Swampscott Machine Co v Rice,* 159 Mass 404; 34 NE 520 (1893). The supervisor testified that she was unable to find any of the notices returned to the defendant.

Plaintiff further argues that to presume the notices were mailed because of business custom and then to presume that the letter was received because it was mailed, improperly bases a presumption upon a presumption. *Standard Drug Store v A E Wood & Co,* 227 Mich 333, 338; 198 NW 960 (1924). That is not the rule we have adopted. We hold that upon proper evidence of business custom and habit of a commercial house as to addressing and mailing, the mere execution of the letter in the usual course of business rebuttably presumes subsequent receipt by the addressee. 1 Wigmore, Evidence (3d ed), § 95, pp 527–528.

The final issue for consideration is whether the trial judge improperly applied the law as to the evidentiary effect of a presumption when rebutted by competent evidence. The applicable rule was stated in *In re Wood Estate,* 374 Mich 278, 288–290, 295; 132 NW2d 35 (1965):

"Presumptions in the law are almost invariably crystallized inferences of fact. Experience has taught that if certain evidentiary facts be established, there is such a strong practical likelihood that another stated fact will

be true that that fact may be presumed. The law's special recognition of this lesson of experience is expressed by its rulings that if a litigant proves evidentiary facts A and B, then fact C's existence will be presumed.

"The immediate legal effect of a presumption is procedural—it shifts the burden of going forward with the evidence relating to the presumed fact. Once there is a presumption that fact C is true, the opposing party must produce evidence tending to disprove either facts A and B or presumed fact C; if he fails to do so, he risks jury instruction that they must presume fact C to have been established.

"Suppose however, that such controverting evidence is produced. The initial force of the presumption as a procedural rule of law shifting to the opposite side the burden of going forward with the evidence to avoid a directed verdict is spent and so fact C is no longer the mandatory inference it otherwise would have been. Nonetheless, the evidentiary facts A and B from which fact C could be inferred, and would have been inferred mandatorily but for the controverting evidence, are still present for jury consideration. Instead of being a mandatory inference, fact C now is merely what it would have been but for the attachment of the term 'presumption' to the particular evidentiary situation involved, namely, a permissible inference.

\* \* \*

*"Finally, in every case in which evidence has been offered to rebut presumed fact C, the jury [the trier of fact] should be instructed that in the event it cannot decide upon which side the evidence preponderates, then as a matter of law fact C must be presumed."* (Emphasis supplied and footnotes omitted.)

The record discloses that the trial judge made the following observations:

"I think the record indicates very clearly that the notice was mailed. That, in and of itself, raises a presumption that it was received. Now, I'm sure that Mr. and Mrs. Good both testified truthfully. They could

not remember whether they had ever seen one. However, I don't think that that is sufficient testimony to rebut the presumption, and I, therefore, must reluctantly conclude that there is no insurance in effect on the car.

\* \* \*

"As far as I'm concerned, if it's mailed and it's delivered to the address, that's receipt. That doesn't change that rule a bit. That doesn't mean that you have to be aware of receipt. There is no evidence here whatsoever to rebut the presumption as far as I'm concerned. There's a presumption that once a document is placed in the mail box, properly addressed and stamped, it is received. *Until such time as I get concrete evidence to rebut that presumption, I'm bound by it.* I don't think that that's true here. I don't think there has been sufficient evidence to rebut it, and under those circumstances, I can do nothing except to conclude that the policy was, in fact, cancelled, and that is the finding of the Court." (Emphasis supplied.)

The trial judge, perhaps inartfully, stated the evidentiary effect of a presumption when rebutted by competent evidence. At that point it becomes only a permissive inference. Notwithstanding that fact, we believe the record clearly discloses that the trial judge, sitting as the trier of fact, found that the plaintiff failed to establish by a preponderance of the evidence that she did not receive the cancellation notices. Therefore, as a matter of law the presumption was to govern. *In re Wood Estate,* supra.

We need not consider plaintiff's remaining assignment of error that the cancellation notices were legally deficient because the issue was not pleaded. *Summers v Hoffman,* 341 Mich 686; 69 NW2d 198 (1955).

Affirmed. Costs to defendants.