PHILLIPS v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

1. Insurance—Automobile Insurance—Insurance Code—Cancel-
   lation—Notice—Receipt of Notice.

   The insurance code requires 10 days written notice to an insured
   before the cancellation of the insured's automobile insurance
   policy becomes effective; this requirement has been construed
   to mean actual receipt of the notice by the insured (MCLA
   500.3020; MSA 24.13020).

2. Insurance—Automobile Insurance—Cancellation—Notice—
   Mailing of Notice—Rebuttable Presumption—Evidence.

   The mailing of a cancellation notice by an automobile insurer to
   an insured raises a rebuttable presumption of receipt by the
   insured, however, evidence presented by the insured that the
   notice has not been received raises a factual question to be
   determined by the trier of facts.

Appeal from Wayne, John D. O'Hair, J. Submit-
ted June 1, 1976, at Detroit. (Docket No. 25976.)
Decided June 15, 1976.

Complaint by Margaret L. Phillips against De-
troit Automobile Inter-Insurance Exchange seek-
ing a declaratory judgment determining the plain-
tiff's rights under an automobile insurance policy
issued by the defendant. Summary judgment for
plaintiff. Defendant appeals. Affirmed.

*Weinstein, Kroll & Gordon, P. C.,* for plaintiff.

References for Points in Headnotes

[1, 2] 43 Am Jur 2d, Insurance § 421.

Repayment or tender of unearned premium as condition precedent
to exercise by insurer of right to cancel policy, 16 ALR2d 1200.

*Rouse, Selby, Dickinson, Pike & Mourad* (by *Edwin F. Dyer, II),* for defendant.

Before: QUINN, P. J., and D. F. WALSH and A. M. BACH,* JJ.

D. F. WALSH, J. The plaintiff brought this declaratory judgment action, GCR 1963, 521, to determine her rights under an automobile insurance policy issued by the defendant. The sole issue at trial was whether the plaintiff had received notice of cancellation of the policy in accordance with § 3020 of the Insurance Code, MCLA 500.3020; MSA 24.13020, prior to the date of her collision with an uninsured motorist. The trial judge granted the plaintiff's motion for summary judgment brought under GCR 1963, 117.2(3),[1] on the ground that there was no actual receipt by the plaintiff of the insurance company's notice of cancellation and therefore the policy was in effect at the time of the collision. We affirm.

The instant contract of insurance was issued for the term February 26, 1973, to February 26, 1974. At the time of issuance the plaintiff paid a portion of the premium, the balance to be paid in installments, and gave her address as 20401 Andover, Detroit, Michigan.

On August 23, 1973, pursuant to paragraph 15 of the "General Provisions, Conditions and Exclu-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] GCR 1963, 117.2(3) provides that summary judgment may be granted on the grounds that "except as to the amount of damages there is no genuine issue as to any material fact, and the moving party is therefore entitled to judgment as a matter of law".

sions" of the insurance contract,[2] the defendant mailed a Cancellation Premium Notice to the plaintiff at the Andover address stating that her policy would be cancelled on September 10, 1973, unless the defendant received the past due amount of $44.75 by that date. This notice was returned to the defendant by the post office unopened and bearing the stamped inscription "RETURN TO SENDER—ADDRESSEE UNKNOWN".

It is not disputed that the plaintiff moved from the Andover address to 8938 Pinehurst, Detroit, Michigan, sometime prior to August 23, 1973, without notifying the defendant. Although she had informed the post office of her change of address and had filed a request that her mail be forwarded, the post office failed to forward the August 23 notice and instead returned it to the defendant.

A notice of cancellation was mailed September 20, 1973, to the Andover address, but this notice was properly forwarded to plaintiff at 8938 Pinehurst. The notice indicated that the policy had been cancelled September 10, 1973, for nonpayment of premium. On September 12, 1973, the plaintiff was involved in an automobile accident with an uninsured motorist and required hospitalization as a result. She remained in the hospital until October 27, 1973; she returned home on that date and found the notice of cancellation.

It is not disputed that plaintiff did not receive actual notice of the cancellation until October 27, 1973. The only issue is whether § 3020, *supra,* requires *actual receipt* of notice by the insured or

---

[2] Paragraph 15 provides, in pertinent part: "This policy may be cancelled by the Exchange by mailing or delivering to the insured * * * at the address last known to the Exchange * * * 10 days written notice of such cancellation."

whether the *mailing* of the notice is sufficient to effect cancellation.

Section 3020 provides, in pertinent part:

> *"No policy of casualty insurance,* excepting workmen's compensation, but including all classes of motor vehicle coverage, *shall be issued or delivered in this state* by any insurer authorized to do business in this state for which a premium or advance assessment is charged, *unless there shall be contained within such policy a provision whereby the policy may be canceled at any time at the request of the insured,* in which case the insurer shall, upon demand and surrender of the policy, refund the excess of paid premium or assessment above the customary short rates for the expired time; *and whereby the policy may be canceled at any time by the insurer by mailing to the insured at his address last known to the insurer or its authorized agent, with postage fully prepaid, a 10 days' written notice of cancellation* with or without tender of the excess of paid premium or assessment above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand and the notice of cancellation shall state that the excess premium, if not tendered, will be refunded on demand. *The cancellation shall be without prejudice to any claim originating prior thereto. The mailing of notice shall be prima facie proof of notice. Delivery of such written notice shall be equivalent to mailing."* (Emphasis added.)

A panel of this court decided in *Gooden v Camden Fire Insurance Association,* 11 Mich App 695; 162 NW2d 147 (1968), that the insured must have actual receipt of the notice of cancellation before an insurance contract may be cancelled. It was there held that the mailing of such a notice raises a presumption of receipt, but that the presumption may be rebutted by evidence that the notice had not been received by the insured.

The *Gooden* panel relied upon *Galkin v Lincoln*

*Mutual Casualty Co,* 279 Mich 327; 272 NW 694 (1937), for the actual receipt requirement and upon *DeHaan v Marvin,* 331 Mich 231; 49 NW2d 148 (1951), for the proposition that the mailing of a cancellation notice creates a rebuttable presumption that the insured received notice. The insured's denial of receipt raises a factual question to be determined by the trier of fact. *DeHaan, supra,* p 241. In spite of the fact that both *Galkin* and *DeHaan* dealt with a predecessor to § 3020 which has been twice amended,[3] their holdings with respect to the actual receipt requirement and the presumption of receipt endure as accurate statements of Michigan law. *Good v Detroit Automobile Inter-Insurance Exchange,* 67 Mich App 270; 241 NW2d 71 (1976).

---

[3] "No policy of casualty insurance, excepting workmen's compensation, but including all classes of automobile coverage, shall be issued or delivered in this state by any corporation or other insurer authorized to do business in this state for which a premium or advance assessment is charged, unless there shall be contained within such policy a provision whereby the policy shall be cancelled at any time at the request of the insured, in which case the company shall, upon demand and surrender of the policy, refund the excess of paid premium or assessment above the customary short rates for the expired time, and whereby the policy may be cancelled at any time by the company *by giving to the insured a five [5] days' written notice of cancellation* with or without tender of the excess of paid premium or assessment above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand and the notice of cancellation shall state that the said excess premium (if not tendered) will be refunded on demand, and furthermore that such cancellation shall be without prejudice to any claim originating prior thereto." (Emphasis supplied.) 1929 CL 12461.

1951 PA 260 amended in relevant part the notice of cancellation of insurance statute by adding the following.

"The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date (and hour) of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice shall be equivalent to mailing."

1953 PA 214 amended the above section to read as follows:

"The mailing of notice as aforesaid shall be prima facie proof of notice. Delivery of such written notice shall be equivalent to mailing." *See Good v Detroit Automobile Inter-Insurance Exchange,* 67 Mich App 270; 241 NW2d 71 (1976).

*Raptis v Safeguard Insurance Co,* 13 Mich App 193; 163 NW2d 835 (1968), relied upon by defendant, involved a cancellation notice sent to the insured's residence by registered mail, return receipt requested. When the notice was delivered, the insured was absent; her husband receipted for it, but she did not receive actual notice until the day the policy was to be cancelled. Three days later the insured was involved in an accident in which a third party was fatally injured.

The issue in *Raptis* was whether the "10 days written notice of cancellation" required by § 3020 was to be computed from the date of mailing of the notice by the insurance company or from the date of receipt of notice by the insured. The court held that the 10 day period began on the date of mailing. It was not necessary for the *Raptis* panel to decide whether actual notice must be received by the insured before cancellation can become effective since the insured in *Raptis* did receive actual notice of the cancellation 3 days before the fatal accident. In dicta, however, the *Raptis* panel expressed the conviction that "the statutory scheme for mailing a notice of cancellation to the insured at his last known address eliminates the requirement for giving actual notice that existed under prior law [referring by footnote to *Galkin v Lincoln Mutual Casualty Co, supra]*". *Raptis, supra,* p 199.

With that conclusion we disagree and decline to apply it here. Instead we hold that § 3020 requires that the insured receive 10 days' actual notice before the cancellation of an automobile insurance policy becomes effective. The trial judge therefore properly relied upon *Gooden* in granting the plaintiff's motion for summary judgment.

Consistent with our position is the view ex-

pressed by Justice LEVIN in his dissenting opinion to *Raptis, supra,* p 202. Citing *Gooden* for the proposition that: "nothing short of actual receipt \* \* \* of the notice of cancellation can make it effective", Justice LEVIN continued:

"The purpose of the 10-day notice requirement is to allow the insured a reasonable period of time within which to replace the cancelled insurance, a purpose which is not achieved by an interpretation of the statute which permits cancellation of the policy to become effective without regard to whether there has been actual notice, let alone 10 days' actual notice. A so-called 'notice' that is not received is in reality no notice at all."

In the instant case Mrs. Phillips did not receive actual notice of cancellation until October 27, 1973. The policy of insurance was in force, therefore, on September 12, 1973, the date on which the accident occurred.

The judgment of the circuit court is affirmed. Costs to appellee.