CELINA MUTUAL INSURANCE COMPANY v FALLS

1. INSURANCE—AUTOMOBILE INSURANCE—LIABILITY INSURANCE—CAN-CELLATION OF INSURANCE—STANDARDS FOR CANCELLATION.

It is improper to apply only the standards for cancellation of an automobile liability insurance policy to the cancellation of a family automobile insurance policy which has less than 1/5 of the annual premium allocated towards liability coverage.

2. INSURANCE—CASUALTY INSURANCE—CANCELLATION OF INSURANCE—NOTICE OF CANCELLATION—PROOF OF NOTICE—STATUTES.

Actual notice of cancellation is required for effective cancellation of a casualty insurance policy and the statute provides that mailing of the notice of cancellation by the insurer shall be prima facie proof of notice (MCLA 500.3020; MSA 24.13020).

3. INSURANCE—CANCELLATION OF INSURANCE—NOTICE OF CANCELLA-TION—PROOF OF NOTICE—PRESUMPTION—STATUTES.

An insured's testimony that he had not received a notice of cancellation mailed by his insurer and the introduction into evidence of the notice which had been returned to the insurer stamped "unclaimed" was sufficient to rebut the statutory presumption of the insured's receipt of the notice which was raised by the insurer's proof of mailing the notice (MCLA 500.3020; MSA 24.13020).

4. INSURANCE—CANCELLATION OF INSURANCE—AUTOMOBILE INSUR-ANCE—NOTICE OF CANCELLATION—TWENTY-DAY REQUIREMENT—STATUTES.

The 20-day requirement for the notice of cancellation of an automobile liability insurance policy requires strict compliance and any notice mailed less than 20 days before the date of

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance §§ 2, 8.
[2–4] 7 Am Jur 2d, Automobile Insurance § 10.
  43 Am Jur 2d, Insurance §§ 404–410.
  Cancellation of compulsory or "financial responsibility" automobile insurance. 34 ALR2d 1297.
  Actual receipt of cancellation notice mailed by insurer as prerequi-site to cancellation of insurance. 64 ALR2d 982.

cancellation stated in the notice is ineffective (MCLA 500.3224; MSA 24.13224).

Appeal from Saginaw, Fred J. Borchard, J. Submitted May 11, 1976, at Detroit. (Docket No. 22249.) Decided November 8, 1976. Leave to appeal denied, 399 Mich 849.

Complaint by Celina Mutual Insurance Company against John W. Falls and Cora Welch seeking a declaration that the defendants were not the plaintiff's insureds when the defendants were injured in a collision with an uninsured motor vehicle. Judgment for defendants. Plaintiff appeals. Affirmed.

*Smith & Brooker, P. C.* (by *Michael J. Huffman),* for plaintiff.

*Van Benschoten & Van Benschoten, P. C.,* for defendants.

Before: R. M. MAHER, P. J., and M. J. KELLY and D. C. RILEY, JJ.

R. M. MAHER, P. J. Plaintiff insurance company brought this action seeking a declaration that defendants were not its insureds on March 6, 1974, when defendants were allegedly injured in a collision with an uninsured motor vehicle. Not having prevailed below, plaintiff appeals.

On December 19, 1973, defendant Falls applied for a family automobile policy through plaintiff insurance company. Shortly thereafter, plaintiff issued the policy providing liability coverage, personal protection coverage (no fault), third party property protection coverage (no fault), property damage coverage and uninsured motorist coverage. After discovering that defendant did not reside at the address he gave as his residence on the appli-

cation, plaintiff on January 24, 1974, sent defendant a notice of cancellation by certified mail, return receipt requested. The notice was sent to the only known address of defendant, the address he gave on his application. The notice stated that the cancellation would take effect on February 10, 1974, 17 days after plaintiff sent the notice of cancellation. Defendant did not receive the notice of cancellation; it was returned to plaintiff unclaimed.

The parties argue over whether the attempted cancellation complies with MCLA 500.3224; MSA 24.13224. That section is part of chapter 32 of the insurance code, Cancellation of Automobile Liability Policies, which was added by 1966 PA 342. The section reads:

"(1) The cancellation of a policy of insurance within the 55-day period enumerated in subdivision (a) of section 3220 shall not be subject to appeal by the insured. Failure to disclose the cancellation by any insured upon any application for insurance shall not be grounds to deny coverage on the basis of fraud by an insurer who may have accepted the risk thereafter.

"(2) For the provisions of this chapter only, no cancellation shall be effective unless a written notice of cancellation is mailed by certified mail, return receipt requested, to the insured at the last address known to the insurer either through its records, the personal records of the agent who wrote the policy, or as supplied by the insured.

"(3) The notice shall be mailed at least 20 days prior to the effective date of cancellation. For the purpose of this chapter only, delivery of such written notice by the insurer shall be the equivalent of mailing. The notice shall contain the reasons for the cancellation and shall state in bold type that the insured has the statutory right within 7 days from the date of mailing to appeal to the department. The commissioner shall approve the form of the cancellation notice."

The first question that should be answered, however, is whether MCLA 500.3020; MSA 24.13020, rather than the section quoted above, governs cancellation of the insurance under which defendant seeks coverage. In the instant appeal, just as in two recent cases before this Court, *Davis v Cadillac Mutual Insurance Co,* 58 Mich App 170; 227 NW2d 275 (1975), and *DuBrul v American Manufacturers Mutual Insurance Co,* 60 Mich App 299; 230 NW2d 404 (1975), the parties have not directed this Court's attention to the need to decide which of these two provisions of the insurance code governs cancellation of a particular type of insurance.

Section 3020 (MCLA 500.3020; MSA 24.13020), as last amended in 1971 (1971 PA 210), reads:

"No policy of casualty insurance, excepting workmen's compensation, *but including all classes of motor vehicle coverage,* shall be issued or delivered in this state by any insurer authorized to do business in this state for which a premium or advance assessment is charged, unless there shall be contained within such policy a provision whereby the policy may be canceled at any time at the request of the insured, in which case the insurer shall, upon demand and surrender of the policy, refund the excess of paid premium or assessment above the customary short rates for the expired time; and whereby the policy may be canceled at any time by the insurer by mailing to the insured at his address last known to the insurer or its authorized agent, with postage fully prepaid, a 10 days' written notice of cancellation with or without tender of the excess of paid premium or assessment above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand and the notice of cancellation shall state that the excess premium, if not tendered, will be refunded on demand. The cancellation shall be without prejudice to any claim originating prior thereto. The mailing of notice shall be prima facie

proof of notice. Delivery of such written notice shall be equivalent to mailing. A notice of cancellation including a cancellation notice under section 3224, shall be accompanied by a statement that the insured must not operate or permit the operation of the vehicle to which notice of cancellation is applicable, or operate any other vehicle, unless the fees required by the motor vehicle accident claims act have been paid with respect to such vehicle." (Emphasis supplied.)

This writer concurred in this Court's opinion in *Davis, supra,* which held that § 3224 (MCLA 500.3224; MSA 24.13224), was the standard against which an attempted cancellation of insurance must be measured when an insured sought coverage for *collision* damage to his automobile and his insurer contended cancellation prior to the loss. In *Davis,* neither party argued that § 3020 must be applicable.

This writer also concurred in *DuBrul, supra.* There the question was whether an insurance policy protecting plaintiff against *liability* was effectively cancelled prior to an accident. The opinion fails to mention § 3224, but found the cancellation ineffective under § 3020. Neither party argued that compliance with § 3224 was necessary to cancel plaintiff's liability coverage.

The conflict between *Davis* and *DuBrul,* to which this writer unwittingly contributed, and the positions taken by the parties to the instant appeal indicate the need for clarification in this confused area.

Chapter 32 of the insurance code, in which § 3224 is found, deals specifically with cancellation of automobile liability insurance. Paragraph 1 of § 3204 (MCLA 500.3204; MSA 24.13204) states:

"No insurer shall cancel a policy of automobile liabil-

ity insurance issued after November 1, 1966, in pursuance of their certificate of authority by the department unless the cancellation is effected pursuant to the applicable provisions of this chapter."

The Legislature enacted chapter 32 in 1966, when public concern over cancellation of automobile insurance policies was strong. See Scott, *Annual Survey of Michigan Law; Insurance Law,* 14 Wayne L Rev 248, 255 (1967). When the chapter was enacted, an owner of an automobile who did not have in effect a policy of liability insurance meeting the requirements of the financial responsibility act, MCLA 257.501 *et seq.;* MSA 9.2201 *et seq.,* was required under the Motor Vehicle Accident Claims Act to pay a fee of $35 into the motor vehicle accident claims fund when registering his automobile. 1965 PA 198 (MCLA 257.1101 *et seq.;* MSA 9.2801 *et seq.)* as amended by 1965 PA 389. The same act required that upon cancellation of his liability insurance an owner either pay the $35 uninsured motorist fee or obtain liability insurance. Failure to do one of these constituted a misdemeanor.

Until passage of the "no-fault" act, MCLA 500.3101 *et seq.;* MSA 24.13101 *et seq.,* in 1972, no insurance other than liability (or payment of the uninsured motorist fee) was required of automobile owners. Uninsured motorist coverage had to be offered to anyone purchasing automobile liability insurance, but this coverage could be rejected in writing. MCLA 500.3010; MSA 24.13010, repealed by 1972 PA 345. Today, of course, "no-fault" coverage is required. MCLA 500.3101; MSA 24.13101. This required coverage includes residual liability insurance.

Coverage against possible liability arising from the ownership, maintenance or use of his automo-

bile was but a part of the coverage defendant acquired when he purchased a family automobile policy from plaintiff. Less than 1/5 of the annual premium was allocated towards liability coverage. It is therefore improper, we think, to assess the attempted cancellation of the policy solely by the standards for cancellation of automobile liability insurance policies found in chapter 32. We repudiate the overly expansive reading of "automobile liability policy" in *Davis, supra.* Section 3020 in chapter 30 states that it is applicable to cancellation "of casualty insurance * * * including all classes of motor vehicle coverage". Until 1973, chapter 30 set forth the requirements of uninsured motorist coverage, the particular coverage which plaintiff seeks to avoid. MCLA 500.3010; MSA 24.13010, repealed by 1972 PA 345. The attempted cancellation of defendant's uninsured motorist coverage should be measured against § 3020.

Under § 3020, actual notice of cancellation is required for effective cancellation. *Phillips v Detroit Automobile Inter-Insurance Exchange,* 69 Mich App 512; 245 NW2d 114 (1976), *Gooden v Camden Fire Insurance Association,* 11 Mich App 695; 162 NW2d 147 (1968). In proving actual notice, an insurer is assisted by the provision in § 3020 that mailing of notice shall be prima facie proof of notice. *Good v Detroit Automobile Inter-Insurance Exchange,* 67 Mich App 270; 241 NW2d 71 (1976). Defendant's testimony that he had not received the notice of cancellation and the return of the notice stamped "unclaimed" rebutted the presumption of § 3020. We therefore hold the cancellation of the coverage under which defendant seeks recovery ineffective.

We also note that the notice of cancellation is ineffective by its own terms. The notice stated:

"This notice is issued in accordance with the provision of Act No. 342 of the Public Acts of 1966, as amended by Act 161 of Public Acts of 1970, and to be effective, must be mailed by certified mail, return receipt requested, at least 20 days prior to the effective date of cancellation."

The notice was mailed 17 days, not 20 days, before the date stated in the notice as the date of cancellation. While plaintiff has not drawn our attention to the majority position on the question of what effect follows from an incorrect statement of a cancellation date, we are aware that most cases have held that when a notice of cancellation fixes a shorter period of time than permitted either by statute or the policy being cancelled, cancellation is effective after the lapse of the full period specified by statute or the policy. 17 Couch on Insurance 2d, § 67:169; 43 Am Jur 2d, Insurance, § 406. Nevertheless, in view of the legislative concern over cancellation of automobile *liability* policies, evidenced by the enactment of chapter 32 and detailed requirements of that chapter, and the protection that liability insurance affords to persons other than the insured, we think that strict compliance with the 20 day requirement of § 3224 is necessary for effective cancellation under chapter 32 and that any notice mailed less than 20 days before the date of cancellation stated in the notice is ineffective. *Cf., United States Fire Insurance Co v Fletcher,* 423 SW2d 89 (Tex Civ App, 1967) (workmen's compensation insurance).

Affirmed, cost to defendant.