CITIZENS INSURANCE COMPANY OF AMERICA v LEMASTER

Docket No. 45122. Submitted June 9, 1980, at Detroit.—Decided August 11, 1980. Leave to appeal applied for.

Citizens Insurance Company of America, as subrogee of Elmer J. Dunlap and Elizabeth Dunlap, brought suit against Robert L. Lemaster for injuries sustained by Elizabeth Dunlap in an automobile accident involving her and Lemaster. Lemaster filed a third-party complaint against his insurer Old Reliable Fire Insurance Company and its agent Autoworkers Insurance Underwriters Inc., following a refusal to honor his policy. Lemaster subsequently moved for summary judgment against third-party defendant Old Reliable which motion was granted, Oakland Circuit Court, James S. Thorburn, J. Old Reliable appeals. *Held:*

The cancellation of defendant-third-party plaintiff's policy of automobile insurance was not effective in that he did not receive ten days actual notice prior to calcellation as required by statute. Thus, the trial court properly granted his motion for summary judgment.

Affirmed.

BASHARA, P.J., dissented. He would hold that notice to defendant of the policy cancellation by certified mail, return receipt requested, satisfied the statutory requirement of actual notice, and that personal service by actual hand delivery is unnecessary. Since defendant asserted he did not receive notice, a genuine question of material fact was presented. He would reverse and remand for trial.

OPINION OF THE COURT

1. INSURANCE — CANCELLATION OF POLICY — CASUALTY INSURANCE — ACTUAL NOTICE — STATUTES.

An insured must receive actual notice of cancellation of a policy

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance § 407.
  Actual receipt of cancellation notice mailed by insurer as prerequisite to cancellation of insurance. 64 ALR2d 982.
[2] 43 Am Jur 2d, Insurance § 408.
[3] 43 Am Jur 2d, Insurance §§ 408, 410.

of casualty insurance for such cancellation to be effective (MCL 500.3020; MSA 24.13020).

2. Insurance — Cancellation of Policy — Casualty Insurance — Mailing of Notice — Statutes — Prima Facie Proof — Rebuttable Presumption.

  The mailing of a notice of cancellation of a policy of casualty insurance is prima facie proof of notice to an insured, which presumption may be rebutted by the facts in a given case (MCL 500.3020; MSA 24.13020).

Dissent by Bashara, P.J.

3. Insurance — Cancellation of Policy — Casualty Insurance — Notice — Statutes.

  *Actual hand delivery of notice of cancellation of a policy of casualty insurance is not required by statute to be effective, and the sending of notice of cancellation by certified mail, return receipt requested, satisfies the statute, creating a rebuttable presumption of actual notice (MCL 500.3020; MSA 24.13020).*

*Carl D. Macpherson, III,* for third-party plaintiff.

*Barbier, Goulet, Petersmarck & McFarland, P.C.* (by *Daniel C. Symonds),* for third-party defendant.

Before: Bashara, P.J., and D. C. Riley and E. A. Quinnell,* JJ.

D. C. Riley, J. We are asked here to decide whether *actual* receipt of a notice of cancellation by an insured is required to effectuate cancellation of an insurance contract.

The pertinent facts are essentially undisputed. Robert Lee Lemaster, third-party plaintiff, purchased a three-month automobile insurance policy on March 5, 1977. On March 28, 1977, third-party defendant Old Reliable Fire Insurance Company sent a notice of cancellation by certified mail, return receipt requested. This action was taken

---

* Circuit judge, sitting on the Court of Appeals by assignment.

because Lemaster failed to submit certain required information. The insurer's notice was received and signed for on March 29, 1977, by Lemaster's mother who lived at the same address. The effective cancellation date was April 19, 1977.

A second notice of cancellation, also by certified mail, return receipt requested, followed on April 1, 1977. This notice was received and signed for by Lemaster's sister, also of the same address. Cancellation pursuant to this notice was to be effective April 23, 1977.

Two days later, on April 25, 1977, Lemaster was involved in an automobile accident. Lemaster was sued by the injured party, and he, in turn, sued Old Reliable when they refused to honor his policy.

Subsequently, Lemaster filed a motion for summary judgment with supporting affidavits based on GCR 1963, 117.2(2) and (3) to determine his rights under the policy issued by Old Reliable. The parties stipulated that the sole issue was whether the policy was effectively cancelled prior to the date of the accident, April 25, 1977. The affidavits indicated that two notices of cancellation were mailed by certified mail, return receipt requested, to the residence of Lemaster. Both notices were signed for by relatives (mother and sister) of Lemaster and were never actually known to him until after the accident. Based on these affidavits, following oral argument, the trial court granted Lemaster's summary judgment motion.

MCL 500.3020; MSA 24.13020, in pertinent part, states as follows:

"No policy of casualty insurance, excepting workmens' compensation, but including all classes of motor vehicle coverage, shall be insured or delivered in this state by any insurer authorized to do business in this

state for which a premium or advance assessment is charged, unless there shall be contained within such policy a provision * * * whereby the policy may be cancelled at any time by the insurer by mailing to the insured at his address last known to the insurer or its authorized agent, with postage fully prepaid, a 10 days' written notice of cancellation * * *. The mailing of notice shall be prima facie proof of notice. Delivery of such written notice shall be equivalent to mailing."

We are persuaded that this statutory language mandates that an insured receive actual notice of cancellation. This determination is consistent with *Phillips v Detroit Automobile Inter-Insurance Exchange,* 69 Mich App 512; 245 NW2d 114 (1976), in which the sole issue, as here, was whether plaintiff had received notice prior to cancellation in accordance with MCL 500.3020; MSA 24.13020. Our Court held that the statutory language requires that the insured receive ten days actual notice before cancellation can be effective. See also *Good v Detroit Automobile Inter-Insurance Exchange,* 67 Mich App 270; 241 NW2d 71 (1976).

The statute makes the mailing of a notice of cancellation prima facie proof of notice—a presumption that may be rebutted by the facts. *Celina Mutual Ins Co v Falls,* 72 Mich App 130; 249 NW2d 323 (1976), *Gooden v Camden Fire Ins Ass'n,* 11 Mich App 695; 162 NW2d 147 (1968). Such, however, was not the case here.

We affirm, therefore, the trial court's determination that no valid defense has been made to Lemaster's claim that there was no genuine issue of any material fact and that he was entitled, therefore, to a judgment as a matter of law.

Costs to appellee.

E. A. QUINNELL, J., concurred.

BASHARA, P.J. *(dissenting)*. I respectfully disagree with the majority conclusion that summary judgment was properly granted in this case.

A review of the cases cited in the majority reveals that there was no return receipt in either case to indicate that another adult living in the household had received the communication from the insurance company. In both *Phillips v Detroit Automobile Inter-Insurance Exchange,* 69 Mich App 512; 245 NW2d 114 (1976), and *Good v Detroit Automobile Inter-Insurance Exchange,* 67 Mich App 270; 241 NW2d 71 (1976), the notices were mailed by general delivery. I perceive this to be a significant distinction.

In the case at bar, two receipts came to defendant from plaintiff's residence, indicating that the mail was received. It is my belief that the statute in question was satisfied by this method of service. The majority opinion, in effect, requires personal service beyond that required in the General Court Rules—actual hand delivery. See *Raptis v Safeguard Ins Co,* 13 Mich App 193, 199; 163 NW2d 835 (1968).

Even if no presumption arises from the fact that the receipts were returned to the defendant, I believe that a genuine question of material fact was presented. The plaintiff asserts he did not receive notice. The defendant asserts that he did. A trier of fact should have had the opportunity to decide whether actual notice was received.

I would reverse and remand for trial.