DAVIS v CADILLAC MUTUAL INSURANCE COMPANY

1. STATUTES—CONSTRUCTION OF STATUTES—WORDS AND PHRASES.

Words and phrases in a statute shall be construed and understood according to the common and approved usage of the language (MCLA 8.3a).

2. INSURANCE—STATUTES—CONSTRUCTION OF STATUTES—AUTOMOBILE LIABILITY POLICY—NOTICE OF CANCELLATION.

"Automobile liability insurance" is synonymous with "automobile liability policy" in the context of the statute requiring notice of cancellation of an "automobile liability policy" to be sent by certified mail, return receipt requested (MCLA 500.3224[2]).

Appeal from Wayne, Roland L. Olzark, J. Submitted Division 1 January 9, 1975, at Detroit. (Docket No. 19510.) Decided January 29, 1975. Leave to appeal denied, 394 Mich —.

Complaint in common pleas court by Donald Davis against Cadillac Mutual Insurance Company, to recover for a collision loss. Judgment for plaintiff. Defendant appealed to circuit court. Affirmed. Defendant appeals by leave granted. Affirmed.

*Gottlieb & Goren,* for plaintiff.

*Sommers, Schwartz, Silver, Schwartz, Tyler, & Gordon, P. C.* (by *Gregory A. Bishop),* for defendant.

Before: QUINN, P. J., and BASHARA and R. M. MAHER, JJ.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 73 Am Jur 2d, Statutes §§ 204, 206, 239.

QUINN, P. J. Plaintiff, the insured, filed this action in common pleas court against defendant, his insurer, to recover for a collision loss. Defendant denied coverage of the loss on the basis that plaintiff's policy of insurance had been cancelled prior to the collision.

The trial court found that the cancellation was ineffective because the notice of cancellation was not sent by certified mail, return receipt requested, as required by MCLA 500.3224(2); MSA 24.13224(2). Judgment entered for plaintiff and defendant appealed to the circuit court, which affirmed the trial court. On leave granted, defendant appeals.

The facts are not in dispute nor are they important to decision. The controlling issue is whether the policy issued to plaintiff by defendant is governed by MCLA 500.3224(2), *supra.* Defendant admits that notice of cancellation was not sent by certified mail, return receipt requested. It was sent certified mail and it was received by plaintiff.

The statute involved is found in chapter 32 of the insurance code. This chapter is entitled "Cancellation of Automobile Liability Policies". The term "automobile liability policy" is used throughout the chapter. The policy that defendant issued to plaintiff provided collision and comprehensive coverage, and defendant contends that neither is liability coverage.

The term "automobile liability policy" is not defined in the insurance code nor by any decision, so far as we can determine. MCLA 8.3a; MSA 2.212(1) requires that words and phrases shall be construed and understood according to the common and approved usage of the language. Webster's New International Dictionary (3rd ed unabridged) defines "automobile liability insurance" as:

"Insurance against loss from or legal liability for damages arising out of ownership, maintenance, or operation of a motor vehicle."

We find that "automobile liability insurance" is synonymous with "automobile liability policy" in the context of the statute involved.

Affirmed with costs to plaintiff.