DORSEY v MICHIGAN MUTUAL LIABILITY COMPANY

1. INSURANCE—AUTOMOBILES—LIABILITY COVERAGE—CANCELLATION—
   NOTICE—CERTIFIED MAIL—APPEAL OF CANCELLATION—STATUTES.
   All notices of cancellation of automobile liability insurance cover-
   age must be mailed by certified mail, return receipt requested;
   this rule applies both to notices of cancellations that are
   appealable under the statutes on insurance and those which
   are nonappealable under those statutes (MCLA 500.3204,
   500.3224; MSA 24.13204, 24.13224).

2. INSURANCE—AUTOMOBILES—LIABILITY COVERAGE—CANCELLATION—
   NOTICE—CERTIFIED MAIL—ALTERNATE REQUIREMENT—DELIVERY
   —STATUTES.
   Delivery by the insurer to an insured of written notice of the
   cancellation of the insured's automobile liability insurance
   coverage is equivalent to the mailing of the notice by certified
   mail, return receipt requested, where the cancellation is not
   subject to appeal under the statute; this alternative require-
   ment of delivery is not satisfied by mailing the notice by first-
   class mail, even where the insured admits receipt of the notice
   (MCLA 500.3224[3]; MSA 24.13224[3]).

3. INSURANCE—AUTOMOBILES—LIABILITY COVERAGE—CANCELLATION—
   NOTICE—RIGHT TO APPEAL—RENEWAL POLICIES—STATUTES.
   The statutory requirement that a notice of cancellation of an
   automobile liability insurance policy state in bold print that an
   insured has the statutory right within seven days of the mail-
   ing of the notice to appeal the cancellation applies only to
   insureds covered under renewal policies or policies in existence
   for more than 55 days (MCLA 500.3220, 500.3224; MSA
   24.13220, 24.13224).

Appeal from Macomb, Howard R. Carroll, J.

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur 2d, Insurance § 410.
[2] 43 Am Jur 2d, Insurance § 227.
[3] 7 Am Jur 2d, Automobile Insurance § 8.
    43 Am Jur 2d, Insurance §§ 404–415.

Submitted October 13, 1976, at Detroit. (Docket No. 27493.) Decided December 2, 1976. Leave to appeal applied for.

Complaint by Carlotta Dorsey against Michigan Mutual Liability Company seeking to have the defendant represent the plaintiff in two other law suits arising out of an automobile accident involving the plaintiff while insured by the defendant. Partial summary judgment for plaintiff. Defendant appeals. Affirmed.

*Leroy M. Ogle,* for plaintiff.

*Martin, Bohall, Joselyn, Halsey, Rowe & Jamieson, P. C.* (by *Joseph E. Grinnan, Jr.),* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and N. J. KAUFMAN and D. C. RILEY, JJ.

PER CURIAM. Appellant, Michigan Mutual Liability Company, seeks to overturn the action of the court below granting a partial summary judgment, GCR 1963, 117.2(3), to appellee, Carlotta Dorsey. We affirm.

On March 20, 1973, Michigan Mutual issued an automobile liability policy to Ms. Dorsey; this was a new, rather than a renewal, policy. On May 8, 1973, and within the 55 day statutory period during which the insurer may cancel because it deems the risk unacceptable, MCLA 500.3220; MSA 24.13220,[1] Michigan Mutual sent a notice of cancellation by first class mail which was received by

---

[1] "Sec. 3220. Subject to the following provisions no insurer licensed to write automobile liability coverage, after a policy has been in effect 55 days or if the policy is a renewal, effective immediately, shall cancel a policy of automobile liability insurance except for any 1 or more of the following reasons:

"(a) That during the 55 days following the date of original issue thereof the risk is unacceptable to the insurer."

appellee. The cancellation stated that it would become effective as of May 31, 1973.

On June 3, 1973, appellee while driving her car became involved in a collision with another vehicle resulting in two suits being lodged against appellee. Michigan Mutual then refused appellee's request to defend her in the suits claiming the policy had already expired.

Relying on *Davis v Cadillac Mutual Insurance Co,* 58 Mich App 170; 227 NW2d 275 (1975), the lower court ruled that a notice of cancellation to be effective must be sent by certified mail, return receipt requested, that is, in strict compliance with MCLA 500.3204(1); MSA 24.13204(1),[2] and MCLA 500.3224; MSA 24.13224.[3]

Michigan Mutual argues that § 3224 when read in its entirety represents a legislative effort to treat cancellations subject to appeal, *viz.,* renewal policies or those in existence for more than 55 days, differently from nonappealable cancellations; and that only appealable cancellations require

---

[2] "Sec. 3204. (1) No insurer shall cancel a policy of automobile liability insurance issued after November 1, 1966, in pursuance of their certificate of authority by the department unless the cancellation is effected pursuant to the applicable provisions of this chapter."

[3] "Sec. 3224. (1) The cancellation of a policy of insurance within the 55-day period enumerated in subdivision (a) of section 3220 shall not be subject to appeal by the insured. Failure to disclose the cancellation by any insured upon any application for insurance shall not be grounds to deny coverage on the basis of fraud by an insurer who may have accepted the risk thereafter.

"(2) For the provisions of this chapter only, no cancellation shall be effective unless a written notice of cancellation is mailed by certified mail, return receipt requested, to the insured at the last address known to the insurer either through its records, the personal records of the agent who wrote the policy, or as supplied by the insured.

"(3) The notice shall be mailed at least 20 days prior to the effective date of cancellation. For the purpose of this chapter only, delivery of such written notice by the insurer shall be the equivalent of mailing. The notice shall contain the reasons for the cancellation and shall state in bold type that the insured has the statutory right within 7 days from the date of mailing to appeal to the department. The commissioner shall approve the form of the cancellation notice."

notice by certified mail, return receipt requested. The insurer bases this contention on subsection (3) of § 3224, quoted previously in footnote 3, which requires a conspicuous statement in the cancellation notice informing the insured of the reasons for the cancellation and of the seven-day appeal period. Thus, Michigan Mutual urges, only appealable cancellations require the more stringent method of mailing. We do not agree.

We readily acknowledge that the inartful drafting of § 3224 has spawned confusion because of its failure to differentiate specific notice and mailing requirements for appealable and nonappealable cancellations. However, we believe the more reasonable interpretation of the statute, consistent with *Davis, supra,* is that all notices of cancellation must be mailed by certified mail, return receipt requested. *Davis* held, *inter alia,* that mailing of the cancellation notice by certified mail without requesting a return receipt did not satisfy the stringent requirements of § 3224(2). Michigan Mutual attempts an end-run around *Davis* by suggesting that *Davis* does not specify whether the notice was sent within or without the 55-day period. Thus, the insurer asks that we limit the application of the *Davis* mailing requirements to cancellations occurring after the expiration of 55 days.

While we recognize the attempt of the Legislature to differentiate appealable and nonappealable cancellations, we glean nothing from the statute which would suggest a legislative intent to prescribe different mailing requirements. Since the Legislature enacted the statute at a time "when public concern over cancellation of automobile insurance policies was strong", *Celina Mutual Insurance Co v Falls,*[4] Mich App 130; 249 NW2d 323

_____

[4] While we realize that *Falls* has cut back on *Davis'* expansive

(1976), there appears no reason why we should dilute the clear mandate of the Legislature and permit a less certain method of mailing nonappealable cancellation notices.

The salutary goal of the notice statute, that is, the desire to avoid embroiling the courts in needless litigation on the question of whether or not a cancellation notice had been received, see, *e.g., Gooden v Camden Fire Insurance Association,* 11 Mich App 695; 162 NW2d 147 (1968), *Raptis v Safeguard Insurance Co,* 13 Mich App 193; 163 NW2d 835 (1968), can best be served by requiring an easily applied, uniform method of mailing such notices. This is what the Legislature intended by enacting § 3224(2) and this is the rule we apply today.

The insurer next argues that, where the insured admits receipt of the cancellation notice sent by first class mail, the alternative requirement of "delivery" under MCLA 500.3224(3); MSA 24.13224(3) is satisfied and the cancellation is effective. We reject this argument. Michigan Mutual would have us contort the plain meaning of the statute to read as follows: "For the purpose of this chapter only, first class mailing of such written notice shall be the equivalent of mailing by certified mail, return receipt requested." If the Legislature had intended such a construction, it could have inserted language to that effect. Were we to read in the meaning urged by the insurer, we would subvert the goal of the statute and once again invite battle in the courts on the question of whether the notice was received by the insured. A more reasonable interpretation of the second sen-

definition of automobile liability insurance, *Falls,* leaves the remainder of *Davis* intact, *namely,* the requirement that notice of cancellation for such insurance must be sent by certified mail, return receipt requested.

tence of § 3224(3) is that personal service or hand delivery to the insured obviates the need for mailing by certified mail, return receipt requested.

In view of our disposition of this cause, we need not dwell at length on any of appellee's arguments. We note, however, that appellee and the court below have misconstrued one of the requirements of § 3224(3). The notice to which the third sentence of subsection (3) refers can only apply to notices of cancellations subject to appeal under MCLA 500.3220; MSA 24.13220 and MCLA 500.3224(1); MSA 24.13224(1). Thus, only insureds covered under renewal policies or policies in existence for more than 55 days have the right to be informed in bold-face type on the cancellation notice that their insurance is being cancelled for specified reasons and that they may appeal the cancellation within seven days of it mailing. Since we hold the insurer's method of mailing the notice to be defective, any error below on the requisite contents of the notice is harmless under the circumstances.

Affirmed. Costs to appellee.