353 So.2d 668 (1978)
John BOWEN, d/b/a Crockett Associates of Florida, Appellant,
v.
Thomas J. MERLO et ux., Appellees.
No. GG-77.
District Court of Appeal of Florida, First District.
January 6, 1978.
Ernest D. Jackson, Sr., Jacksonville, for appellant.
Fred M. Johnson, Jacksonville, for appellees.
PER CURIAM.
Appellant contends that the trial court erred in holding as a matter of law that he did not comply with Section 713.18, Florida Statutes, the Mechanics' Lien Law, on grounds that he mailed his claim of lien to the owner by regular mail instead of by certified or registered mail as required by Section 713.18(1)(c). We concur and reverse. It is undisputed that the owner here received actual notice of the claim of lien. We agree with the court in Vitra-Spray of Florida, Inc., v. Gumenick, 144 So.2d 533 (Fla. 3rd DCA 1962) that notice is the important element dealt with by the section. We note in addition that Section 713.18(1)(b) specifically allows the claim to be served by actual delivery and there is no doubt that actual delivery was accomplished here. Continental Home Parks, Inc., v. Golden Triangle Asphalt Paving Co., 291 So.2d 49 (Fla. 2d DCA 1974), cited by Appellees, *669 is distinguishable because there was no allegation there that the proper person ever received notice of the claim.
REVERSED and REMANDED.
McCORD, C.J., and BOYER and MELVIN, JJ., concur.