382 So.2d 392 (1980)
Francis E. FRAZIER and Jesse Frazier, Appellants,
v.
STANDARD GUARANTY INSURANCE COMPANY, etc., Appellee.
No. 78-2359.
District Court of Appeal of Florida, Fourth District.
April 9, 1980.
*393 Robert Q. Wyckoff, Jr., of Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellants.
Marjorie D. Gadarian of Jones, Paine & Foster, P.A., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Francis E. Frazier and Jesse Frazier appeal from a final judgment entered against them in an action filed by Standard Guaranty Insurance Company for declaratory judgment.
The issue before us is whether the record reflects substantial competent evidence to support the trial court's decision that the insurance policy issued by Standard Guaranty Insurance Company to Francis E. Frazier was cancelled as of February 29, 1976. We conclude that there is and affirm.
The parties' pre-trial stipulation recites the following stipulated facts:
1. That on or about November 26, 1975 a policy of automobile liability insurance was issued by STANDARD GUARANTY INSURANCE COMPANY to FRANCIS E. FRAZIER, under policy No: FA 2 71 50.
2. That the policy of insurance as aforesaid was issued to FRANCIS E. FRAZIER, 1210 Palm Beach Lakes Blvd., Apt. A-6, West Palm Beach, Florida 33401, said address appearing on the face sheet of the policy of insurance.
3. That prior to June 30, 1976, STANDARD GUARANTY INSURANCE COMPANY mailed a notice of cancellation to FRANCIS E. FRAZIER, 1210 Palm Beach Lakes Blvd., West Palm Beach, Florida, 33401. That said notice of cancellation did not include the apartment number A-6 of FRANCIS E. FRAZIER as same appeared upon the face sheet of policy of insurance.
While not stipulated, additional facts appearing in the record are that Francis and Jesse, his brother, were named insureds under the policy and that notice of cancellation was sent because the insureds never provided the insurer with Jesse Frazier's current Florida driver's license number. Jesse had no Florida license; it was the insurer's requirement that he have one.
Jesse was injured while in Francis' automobile in June 1976. Because the accident involved an uninsured motorist, Jesse made demand for uninsured motorist benefits under Standard's policy. The insurer refused to arbitrate Jesse's claim and brought the present action for declaratory judgment to have the court determine whether the policy was in effect when Jesse was injured.
*394 The trial court, in deciding the policy was cancelled on February 29, 1976, expressly found that Standard's notice of cancellation to Francis was sufficient and that Francis received actual notice of the cancellation. Francis testified that he never received the notice. Marie Ray, an employee of the insurance agency which sold Francis the policy, testified that Francis telephoned and wanted an explanation for the cancellation notice. She explained the reason for the cancellation and told him if he got the needed information to the insurer before the cancellation date, the policy would be reinstated. Finally, she testified that she mailed Francis a premium refund check of $22.60, which Francis admits cashing. He stated he thought it was a reimbursement resulting from an overcharge on the premium.
It can be seen from the foregoing that while the insurer did not properly address the notice of cancellation by omitting the apartment number, the record reflects substantial competent evidence that Francis actually received the notice. The sole issue before us is whether actual notice is sufficient notice of cancellation.
The insurer maintains that Section 627.728(5), Florida Statutes (1975), governs. The statute says:
Proof of mailing of notice of cancellation, of intention not to renew, or of reasons for cancellation to the named insured at the address shown in the policy shall be sufficient proof of notice.
The insured, relying on a decision of the Michigan Court of Appeals, Dorsey v. Michigan Mutual Liability Co., 72 Mich. App. 607, 250 N.W.2d 143, 145 (1976), contends there must be strict compliance with that statute before cancellation is effected, that actual notice is immaterial if there has been noncompliance. The Michigan statute permitted sending a notice of cancellation by certified mail, return receipt requested, or delivery. The insurer mailed the notice by first class mail and the insured received it. The court held:
[2] The salutary goal of the notice statute, that is, the desire to avoid embroiling the courts in needless litigation on the question of whether or not a cancellation notice had been received, see, e.g., Gooden v. Camden Fire Insurance Association, 11 Mich. App. 695, 162 N.W.2d 147 (1968); Raptis v. Safeguard Insurance Co., 13 Mich. App. 193, 163 N.W.2d 835 (1968), can best be served by requiring an easily applied, uniform method of mailing such notices. This is what the Legislature intended by enacting Section 3224(2) and this is the rule we apply today.
[3] The insurer next argues that, where the insured admits receipt of the cancellation notice sent by first class mail, the alternative requirement of "delivery" under M.C.L.A. § 500.3224(3); M.S.A. § 24.13224(3) is satisfied and the cancellation is effective. We reject this argument. Michigan Mutual would have us contort the plain meaning of the statute to read as follows: `For the purpose of this chapter only, first class mailing of such written notice shall be the equivalent of mailing by certified mail, return receipt requested.' If the Legislature had intended such a construction, it could have inserted language to that effect. Were we to read in the meaning urged by the insurer, we would subvert the goal of the statute and once again invite battle in the courts on the question of whether the notice was received by the insured. A more reasonable interpretation of the second sentence of Section 3224(3) is that personal service or hand delivery to the insured obviates the need for mailing by certified mail, return receipt requested.
While the insured's position and the logic of the Michigan court are appealing, we nevertheless reject their conclusions. The better conclusion, we are convinced, is that actual notice is sufficient notice. Section 627.728(3)(a), Florida Statutes (1975) says:
No notice of cancellation of a policy to which this section applies shall be effective unless mailed or delivered by the insurer to the named insured and to the named insured's insurance agent at least 45 days prior to the effective date of *395 cancellation, except that when cancellation is for nonpayment of premium, at least 10 days' notice of cancellation accompanied by the reason therefor shall be given. No notice of cancellation of a policy to which this section applies shall be effective unless the reason or reasons for cancellation accompany the notice of cancellation.
Notice, not the method of the notice, is the keystone of the statute. See Bowen v. Merlo, 353 So.2d 668 (Fla. 1st DCA 1978). Actual receipt means that there has been a delivery  postal or manual.
Our holding is consistent with the underlying purpose of notice of cancellation, which is to enable the insured to obtain other insurance "before he is subjected to risk without protection." Cat 'N Fiddle, Inc. v. Century Insurance Co., 213 So.2d 701 (Fla. 1968), judgment conformed to 214 So.2d 503 (Fla. 3d DCA 1968).
There being sufficient evidence for the trial court to find actual notice, we affirm.
AFFIRMED.
LETTS and HURLEY, JJ., concur.