451 So.2d 545 (1984)
BLOSAM CONTRACTORS, INC., a/K/a Blossam Construction, a Florida Corporation, and National Fire Insurance Company of Hartford, a Connecticut Corporation, Appellants,
v.
Randy JOYCE, d/b/a Backhoe of Florida, Appellee.
No. 83-2030.
District Court of Appeal of Florida, Second District.
June 20, 1984.
*546 Peter P. Murnaghan, C. Kenneth Stuart, Jr., and John C. Bales of Holland & Knight, Tampa, for appellants.
David H. Galloway of Edwards, Sawyer & White, Plant City, for appellee.
OTT, Chief Judge.
Blosam Contractors, Inc., a general contractor on a municipal construction project, and its surety, National Fire Insurance Company of Hartford, appeal from an adverse final judgment in favor of a sub-subcontractor, Randy Joyce, d/b/a Backhoe of Florida, on the sub-subcontractor's action to recover on a payment and performance bond. The sole issue is whether Backhoe complied with the forty-five-day notice provision of section 255.05(2), Florida Statutes (1981),[1] a prerequisite to recovery against *547 the general contractor and the surety. We hold that Backhoe complied with the notice provision and therefore affirm.
Blosam entered into an agreement with the Winter Haven Housing Authority to construct certain public housing projects. In accordance with section 255.05(1), Blosam obtained a payment and performance bond with a surety insurer. A portion of the construction work was subcontracted to Cherokee Underground, Inc. Cherokee in turn entered into an agreement with Backhoe to provide certain labor and equipment for the project. Backhoe commenced furnishing such labor and equipment on February 8, 1982. Backhoe subsequently mailed a notice to the contractor indicating that it intended to look to the bond for protection. The notice was sent to "Blosam Construction" by certified mail to an address posted at the work site. The return receipt was dated March 25, 1982, the forty-fifth day after Backhoe began furnishing labor and materials for prosecution of the work. Jacquelyn Shepard, a payroll clerk, signed the receipt. In the normal course of handling Blosam's incoming mail, the notice was forwarded to Donald Smith, Blosam's comptroller and treasurer, the following day for appropriate action. In a letter dated March 30, 1982, Blosam (by Smith) tacitly admitted receipt of the notice by requesting monthly statements from Backhoe concerning the subcontractor's account. At trial, Blosam admitted that it received actual notice of Backhoe's intention to look to the bond for protection.
Based on these facts, the trial court determined that Backhoe complied with the first or forty-five-day notice requirement of section 255.05(2).[2]
On appeal, Blosam seeks reversal of the trial court's determination on the ground that the notice was defective. Specifically, Blosam asserts that the notice failed to strictly comply with the notice provisions of the Mechanics' Lien Law, section 713.01, et seq., Florida Statutes (1981), because the mailing was not addressed to an officer, director, managing agent, or business agent of Blosam.[3]
The chief purpose of section 255.05(1) is to protect subcontractors and suppliers on public construction projects by providing them with an alternate remedy to the mechanics' lien available on private construction projects. City of Fort Lauderdale v. Hardrives Co., 167 So.2d 339 (Fla. 2d DCA 1964). Section 255.05(2) protects the contractor and the contractor's surety from having to account to unknown subcontractors and suppliers. School Board of Palm Beach County v. Vincent J. Fasano, Inc., 417 So.2d 1063 (Fla. 4th DCA 1982). One of the keys to protecting the contractor and the surety is the requirement of prompt notice of a claimant's intention to rely on the bond for protection. Without specifying the manner in which service must be accomplished, section 255.05(2) requires the claimant to "furnish the contractor" with such notice within forty-five days after beginning to furnish labor, *548 materials, or supplies for the prosecution of the work.
In order to resolve ambiguities in section 255.05, the courts have looked to the Mechanics' Lien Law and the Miller Act, 40 U.S.C. § 270a et seq., for guidance. See Miller v. Knob Construction Co., 368 So.2d 891 (Fla. 2d DCA), cert. denied, 378 So.2d 346 (Fla. 1979). However, reliance on the Mechanics' Lien Law and/or the Miller Act as interpretive aids of section 255.05 is not always necessary nor is it mandated by the statute. See generally Winchester v. Florida Electric Supply, Inc., 161 So.2d 668 (Fla. 2d DCA 1964). Whether the notice provisions of section 255.05(2) have been satisfied must be decided on a case-by-case basis with the purpose of the notice requirement borne in mind.
On the facts before us, it is unnecessary to rely on other legislative enactments to determine whether Backhoe furnished the contractor with the forty-five-day notice mandated by section 255.05(2) in a timely fashion. Backhoe's notice was received in Blosam's office within the forty-five-day period. In fact, Blosam concedes that the service by mail would have fully complied with the statutory notice provisions of the Mechanics' Lien Law had the letter simply been addressed to the officer who received it. The fact that the notice was addressed to the corporation itself rather than to an officer, director, managing agent, or business agent is inconsequential in the case sub judice, since the notice was sent to the contractor at the address it had posted at the work site and the notice was actually promptly received by Blosam's comptroller. Moreover, the notice fully and completely informed Blosam of the sub-subcontractor's existence and its intention to rely on the bond. The purpose of the forty-five-day notice requirement, i.e., providing the contractor with notice of potential claimants on the bond, was satisfied. Accordingly, we hold that the notice furnished to Blosam by Backhoe complied with the notice requirements of section 255.05(2).
Even if we agreed with appellants, which we do not, that section 713.18(1) provides the exclusive means for service of the notices required in section 255.05(2), we would nevertheless affirm on the ground that the mailing, which was addressed to the corporation rather than to an officer, director, managing agent, or business agent, substantially complied with the requirements of section 713.18(1)(c) under the facts of this case. See Bowen v. Merlo, 353 So.2d 668 (Fla. 1st DCA 1978) (fact that notice was mailed by regular mail rather than by certified mail did not render notice defective under section 713.18(1)(c) since owner received actual notice of the claim of lien); see generally United States v. Barlows Commercial Construction Co., 567 F. Supp. 464 (D.D.C. 1983) (actual notice sufficient to satisfy Miller Act although notice provided by subcontractor's supplier was not in strict compliance with the Act's notice provisions). Continental Home Parks Inc. v. Golden Triangle Asphalt Paving Co., 291 So.2d 49 (Fla. 2d DCA), cert. denied, 295 So.2d 632 (Fla. 1974), relied upon by appellants, is distinguishable because in that case there was no allegation that any responsible official of the corporation ever received the notice. Bowen v. Merlo, supra.
AFFIRMED.
DANAHY and LEHAN, JJ., concur.
NOTES
[1] Section 255.05(2), Florida Statutes (1981), provides:

A claimant, except a laborer, who is not in privity with the contractor and who has not received payment for his labor, materials, or supplies shall, within 45 days after beginning to furnish labor, materials, or supplies for the prosecution of the work, furnish the contractor with a notice that he intends to look to the bond for protection. A claimant who is not in privity with the contractor and who has not received payment for his labor, materials, or supplies shall, within 90 days after performance of the labor or after complete delivery of the materials or supplies, deliver to the contractor and to the surety written notice of the performance of the labor or delivery of the materials or supplies and of the nonpayment. No action for the labor, materials, or supplies may be instituted against the contractor or the surety unless both notices have been given. No action shall be instituted against the contractor or the surety on the bond after 1 year from the performance of the labor or completion of delivery of the materials or supplies.
[2] It is undisputed that Backhoe complied with the second or ninety-day notice requirement of section 255.05(2).
[3] Section 713.18(1) provides the following methods for service of notices, claims of lien, affidavits, assignments, and other instruments under the Mechanics' Lien Law:

(a) By serving in the manner provided by law for the service of process.
(b) By actual delivery to the person to be served; or, if a partnership, to one of the partners; or, if a corporation, to an officer, director, managing agent, or business agent thereof.
(c) By mailing the same, postage prepaid, by registered or certified mail to the person to be served at his last known address and evidence of delivery.
(d) If none of the foregoing can be accomplished, by posting on the premises.