PER CURIAM.
We reverse and hold the undisputed evidence of appellee’s actual notice of the can *7 cellation of a fire insurance policy was sufficient to entitle appellant to the entry of summary judgment.
The appellee held a mortgage on property upon which the mortgagor was obligated to secure fire insurance. The appellant issued the insurance and was contractually and statutorily bound to give any notice of cancellation to both the mortgagor and mortgagee. At one point the mortgagor failed to pay the premium and a notice of cancellation was sent to both the mortgagor and mortgagee. Subsequently, the premiums were paid and the policy reinstated. When the premiums came due again and were not paid, a second notice of cancellation was sent. It is undisputed that the second notice was properly sent to the mortgagor. However, the record reflects a factual dispute as to whether notice was properly sent to the mortgagee, appellee here.
Sometime later, the mortgagee was orally advised by an insurance agent that the insurance on the property had indeed been can-celled. At that point, the mortgagee contacted the mortgagor to remind it of the obligation to secure insurance. Even after a follow-up contact, however, no insurance was secured. Later, past the one year term of the policy, the property was damaged by fire. The appellee then made a claim under an errors and omissions policy covering its employees. The claim essentially admitted fire insurance on the mortgaged property was not secured due to the neglect of appellee’s employees in not acting after they learned of the cancellation of the appellant’s policy. The appellee was paid and its potential claim against the appellant subrogated.
The trial court granted appellee a summary judgment based on appellant’s failure to provide 'written notice of cancellation. As noted above, there is a factual dispute in the record on this issue. However, the appellant claims that the actual notice received by ap-pellee was sufficient to meet the underlying purpose of the contractual and statutory notice requirements. We agree.
Under Florida law, strict statutory compliance with notice requirements may be excused in some circumstances. In Frazier v. Standard Guaranty Insurance Co., 382 So.2d 392 (Fla. 4th DCA 1980), this court reviewed a holding that actual notice was sufficient even though the insurer did not get the address exactly right when mailing the notice. The insurer mailed a notice of cancellation to an incomplete address, although the complete address was shown in the policy. The Frazier court was required to determine whether the following terms of Florida Statute § 627.728 had been met:
Proof of mailing of notice of cancellation, of intention not to renew, or of reasons for cancellation to the named insured at the address shown in the policy shall be sufficient proof of notice.
Id. at 394.
The insured in Frazier relied on a Michigan appellate decision which held actual notice to be immaterial because strict compliance with the statute was required before cancellation could be effective. The Frazier court refused to adopt the Michigan court’s reasoning:
While the insured’s position and the logic of the Michigan court are appealing, we nevertheless reject their conclusions. The better conclusion, we are convinced, is that actual notice is sufficient notice'. Section 627.728(3)(a), Florida Statutes (1975) says:
No notice of cancellation of a policy to which this section applies shall be effective unless mailed or delivered by the insurer to the named insured and to the named insured’s insurance agent at least 45 days prior to the effective date of cancellation, except that when cancellation is for nonpayment of premium, at least 10 days’ notice of cancellation accompanied by the reason therefor shall be given. No notice of cancellation of a policy to which this section applies shall be effective unless the reason or reasons for the cancellation accompany the notice of cancellation.
Notice, not the method of the notice, is the keystone of the statute. See Bowen v. Merlo, 353 So.2d 668 (Fla. 1st DCA 1978). Actual receipt means that there has been a delivery — postal or manual.
Our holding is consistent with the underlying purpose of notice of cancellation, *8 which is to enable the insured to obtain other insurance “before he is subjected to risk without protection.” Cat ‘N Fiddle, Inc. v. Century Insurance Co., 213 So.2d 701 (Fla.1968), judgment conformed to 214 So.2d 503 (Fla.3d DCA 1968).
Id. at 394-95.
In Cat ‘N Fiddle, the supreme court explained the policy reasons for requiring a notice of cancellation:
The purpose of a provision in an insurance policy providing that the insurer can cancel the policy after giving notice to the insured for a prescribed period is to enable the insured to obtain insurance elsewhere before he is subjected to risk without protection.
Cat ‘N Fiddle, 213 So.2d at 704.
In this ease, both the named insured, the mortgagor, and the mortgagee had actual notice of the cancellation well in advance of the loss. While the policy requires ten days notice, the mortgagee here had some seventy-nine (79) days within which to act prior to the fire. Importantly, the mortgagee’s recovery on an errors and omissions policy was based on its admission that it failed to act after receiving actual notice of cancellation. Under the rationale of Frazier and Cat ‘N Fiddle, we conclude appellant was entitled to summary judgment.
While we are confident in our holding, we nonetheless recognize this is a matter of great public importance. Accordingly, we certify the following issue to the supreme court:
MAY A MORTGAGEE WHO RECEIVES ACTUAL NOTICE OF THE CANCELLATION OF A POLICY OF INSURANCE ON THE MORTGAGED PROPERTY BE ESTOPPED FROM RELYING ON THE STATUTORY AND CONTRACTUAL PROVISIONS REQUIRING WRITTEN NOTICE?
ANSTEAD, GLICKSTEIN and STONE, JJ., concur.