CAUSIN v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 164725. Submitted January 18, 1995, at Detroit. Decided
June 6, 1995, at 9:05 A.M. Leave to appeal sought.

Pastor Causin and others brought an action in the Genesee
Circuit Court against Auto Club Insurance Association, seeking
a declaration whether the defendant was liable under a policy
issued to Causin for claims arising out of an automobile acci-
dent that occurred on August 1, 1988. The automobile involved
in the accident had been insured under a policy issued to
Causin on May 25, 1988, that was to have run to November 25,
1988. When Causin fell behind in his premium payments, the
defendant's Dearborn office prepared on July 8, 1988, a notice
that the insurance was to be canceled on July 25, 1988. The
notice was mailed on July 11, 1988, to the Flint address that
was listed on the policy as issued. On July 8, 1988, Causin
submitted a change of address to the defendant's authorized
agent in Flint; however, notification of that change did not
reach the defendant's Dearborn office for several days. Causin
discovered the notice of cancellation when he visited his former
address sometime between July 25 and August 1, 1988. The
defendant refused coverage for the August 1 accident on the
basis that the policy had been canceled on July 25. The court,
Duncan M. Beagle, J., determined that the defendant's attempt
to cancel the policy was ineffective and granted summary
disposition for the plaintiffs. The defendant appealed.

The Court of Appeals *held:*

1. MCL 500.3020; MSA 24.13020 clearly provides that an
insurer is obligated to mail a notice of cancellation to the most
current address known either to the insurer or to its authorized
agent. Accordingly, because the authorized agent had been
apprised of the change of address before the date the notice of
cancellation was mailed, the notice sent to Causin's former
address did not satisfy the defendant's statutory obligation.

2. While Causin's fortuitous receipt of the notice of cancella-
tion provided him with actual notice of the defendant's intent
to cancel, actual notice alone is insufficient to result in cancel-
lation where, as here, the notice was not mailed in compliance
with the statutory notice provision. In any event, because an
insured must have ten days of actual notice before a cancella-

tion is effective, cancellation was not effective on August 1 because on that date Causin had not yet had actual notice of cancellation for ten days.

    Affirmed.

*Philip D. Swann,* for Robert Gilbreath.

*Collins, Stecco, Wascha & McNally* (by *Donald A. Wascha*), for Mitchell Causin.

*Gault, Davison, Bowers, Hill, Parker & McAra* (by *Edward B. Davidson*) (*John A. Lydick,* of Counsel), for the defendant.

Before: CORRIGAN, P.J., and O'CONNELL and G. S. ALLEN,* JJ.

    PER CURIAM. Plaintiffs filed this declaratory action to determine whether an automobile insurance policy issued by defendant to Pastor Causin (plaintiff) was in effect on August 1, 1988, the date of a collision involving one of the vehicles listed on the policy. The circuit court determined that defendant's attempt to cancel the policy was ineffective and granted summary disposition in favor of plaintiff. Defendant appeals as of right. We affirm.

    The facts in this case essentially are undisputed. Plaintiff purchased an automobile insurance policy from defendant. The effective date of the policy was May 25, 1988, and it was projected to run until November 25, 1988. Plaintiff fell behind in his payments for the policy.

    On Friday, July 8, 1988, a computer-generated notice of cancellation, showing plaintiff's address as being on Heatherwood Street in Flint, was prepared at defendant's Dearborn office. Also on July 8, 1988, plaintiff visited defendant's autho-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

rized agent in Flint and submitted a change of address, the new address being on Laurentian Court. Defendant's computers did not permit input from the Flint office, so the agent mailed the change of address to Dearborn. On Monday, July 11, 1988, the notice of cancellation was mailed from the Dearborn office to plaintiff's former address on Heatherwood. The notice stated that the effective date of the cancellation was July 25, 1988.

According to his deposition testimony, plaintiff discovered the notice of cancellation when he stopped at the Heatherwood address, where his ex-wife and children resided. This occurred between July 25 and August 1, 1988. On August 1, plaintiffs Maximilian and Mitchell Causin and Robert Gilbreath were injured when Maximilian lost control of a van and crashed into a guardrail. The van was one of the vehicles listed on plaintiff's insurance policy with defendant.

Defendant refused to pay insurance benefits to plaintiffs on the ground that the policy had been canceled before August 1, 1988. Plaintiffs disputed the effectiveness of the cancellation and filed this declaratory action.

Defendant contends that by mailing the notice to plaintiff's last-known address at the time the notice was generated it complied with MCL 500.3020; MSA 24.13020. We disagree. That statute provides in pertinent part:

> (1) A policy of casualty insurance, except worker's compensation, including all classes of motor vehicle coverage, shall not be issued or delivered in this state by an insurer authorized to do business in this state for which a premium or advance assessment is charged, unless the policy contains the following provisions:

* * *

(b) That the policy may be canceled at any time by the insurer by mailing to the insured at the insured's address last known to the insurer or an authorized agent of the insurer, with postage fully prepaid, a not less than 10 days' written notice of cancellation with or without tender of the excess paid premium or assessment above the pro rata premium for the expired time.

* * *

(4) Cancellation as prescribed in this section shall be without prejudice to any claim originating before the cancellation. The mailing of notice shall be prima facie proof of notice. Delivery of written notice shall be equivalent to mailing.

The statute plainly indicates that the insurer is obliged to mail the notice of cancellation to the most current address known to either the insurer or its authorized agent. It is undisputed that at the time the notice was mailed, the Heatherwood address was not the address "last known to . . . an authorized agent of the insurer," specifically, defendant's authorized agent in Flint. The address "last known" at the time the notice was prepared is of no significance in terms of complying with the statute.

We next consider whether plaintiff's fortuitous receipt of the notice made the cancellation effective notwithstanding the defective mailing. We conclude that it did not.

According to previous opinions of this Court, an insured must receive actual notice of cancellation before the cancellation is effective. See *American States Ins Co v Auto Club Ins Ass'n,* 193 Mich App 248, 254; 484 NW2d 1 (1992), and cases cited therein. Whether receipt of the notice of cancellation effectively cures any defect in the mailing is a separate issue not addressed in those cases or in

any other case that we have examined applying § 3020, which governs the cancellation of no-fault automobile policies.

In regard to the cancellation of automobile liability insurance coverage, defects in mailing are not cured by the insured's receipt of the cancellation notice. In *Dorsey v Michigan Mutual Liability Co,* 72 Mich App 607; 250 NW2d 143 (1976), the insurer sent a notice of cancellation by first-class mail, which was received by the insured. Three days after the effective date of the cancellation, the insured was involved in a collision. The insurer claimed the policy had been canceled and refused the insured's request to defend her. Despite the insured's admission that the notice was received, this Court concluded that the cancellation was ineffective because the applicable statute, MCL 500.3224; MSA 24.13224, required sending the notice by certified mail, return receipt requested. See also *Davis v Cadillac Mutual Ins Co,* 58 Mich App 170; 227 NW2d 275 (1975), overruled in part *Celina Mutual Ins Co v Falls,* 72 Mich App 130; 249 NW2d 323 (1976).

Despite the differences between the statutes, we believe that the Legislature also did not intend for actual notice to be a substitute for mailing in compliance with § 3020. In drafting § 3224, the Legislature clearly indicated that noncompliance with the mailing requirements meant the cancellation was ineffective.[1] The Legislature's intent in regard to noncompliance with the mailing require-

[1] MCL 500.3224; MSA 24.13224 states in pertinent part:

(2) For the provisions of this chapter only, no cancellation shall be effective unless a written notice of cancellation is mailed by certified mail, return receipt requested, to the insured at the last address known to the insurer either through its records, the personal records of the agent who wrote the policy, or as supplied by the insured.

(3) The notice shall be mailed at least 20 days prior to the

ments of § 3020 is not as apparent from the language of the statute. Nevertheless, we are not convinced that the differences in the statutes indicate that the Legislature intended that the mailing requirements of § 3020 should be enforced less strictly. Therefore, we hold that while actual notice by the insured is necessary for cancellation to take effect, actual notice alone is insufficient when the notice was not mailed in compliance with the statute.

In addition to proper mailing of the notice, the statute also requires that an insured have ten days of actual notice before the cancellation is effective. *Citizens Ins Co of America v Crenshaw,* 160 Mich App 34; 408 NW2d 100 (1987). This rule serves an important purpose:

> The obvious objective of this statute is to make certain that all of those who are insured under a policy are afforded a period of time, ten days, either to satisfy whatever concerns have prompted cancellation and thus revive the policy or to obtain other insurance, or simply to order their affairs so that the risks of operating without insurance will not have to be run. [*Lease Car of America, Inc v Rahn,* 419 Mich 48, 54; 347 NW2d 444 (1984).]

The shortened notice in our case also did not meet this important standard.

Affirmed.

O'CONNELL, J. I concur in the result only.

effective date of cancellation. For the purposes of this chapter only, delivery of such written notice by the insurer shall be the equivalent of mailing.