982 So.2d 1255 (2008)
James E. MAGEE, Appellant,
v.
AMERICAN SOUTHERN HOME INSURANCE COMPANY, a Florida Corporation, Appellee.
No. 1D07-2050.
District Court of Appeal of Florida, First District.
June 2, 2008.
David P. Healy of Law Offices of David P. Healy, PL, Tallahassee, for Appellant.
*1256 Thomas J. Guilday, Albert J. Wollermann, and Marc A. Peoples of Guilday, Tucker, Schwartz & Simpson, P.A., Tallahassee, for Appellee.
HAWKES, J.
James Magee appeals the trial court's order granting summary judgment in favor of American Southern Home Insurance Company. Magee argues summary judgment was improper. Our review of the record reveals Magee is correct. Accordingly, we reverse.

Background
Magee filed a complaint against American Southern, alleging breach of contract for its refusal to pay a claim Magee made under his policy. In relevant part, Magee alleged he had a policy with American Southern issued on October 29, 2002, and he was involved in an accident on August 6, 2004, which resulted in losses covered by the policy. American Southern denied the claim, asserting it cancelled Magee's policy for nonpayment of premium with an effective cancellation date prior to the date of Magee's accident.
American Southern asserted it had mailed premium notices and a cancellation notice to Magee's business address. Magee admitted changing his current address to his business address for limited purposes. Magee testified he never received any premium or cancellation notice at his business address, and only received a cancellation notice by certified mail at his original address "way after" his accident occurred. Florida law requires at least 10 days notice of cancellation for nonpayment of premium prior to the cancellation effective date. See § 627.7281, Fla. Stat.
Of particular relevance here, American Southern moved for summary judgment offering the following: (1) a portion of a certificate of mailing report dated May 7, 2004; and (2) a certificate of bulk mailing.
Magee opposed the summary judgment on several grounds. Ultimately, the trial court granted summary judgment in favor of American Southern.

Analysis
It is well settled that "summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law." Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). The movant for summary judgment must show, by competent evidence, the nonexistence of any question of material fact. See e.g., Key v. Trattmann, 959 So.2d 339, 341 (Fla. 1st DCA 2007).
Significantly, in a footnote in its Answer Brief, American Southern admits the certificates of mailing it offered were from a different day, and did not include Magee's mailing. Essentially, while still seeking affirmance on appeal, American Southern admits it offered no proof that Magee's cancellation documents were actually mailed.

Award of Attorney's Fees

Under Section 57.105, Florida Statutes
On appeal, Magee moved for attorney's fees pursuant to section 57.105, Florida Statutes. As grounds Magee asserts that, after his Initial Brief was filed, American Southern moved for this court to relinquish jurisdiction, and remand without prejudice to prove its cancellation defense. In its motion, American Southern contended:
additional facts have recently come to light which bear upon the underlying Summary Judgment. Because of these newly discovered facts, American Southern, upon relinquishment of jurisdiction, will request the trial court to vacate the underlying Summary Judgment. The request to vacate the Summary Judgment would be without prejudice to review *1257 [sic] the motion should appropriate facts exist.
This court granted the motion to relinquish and, upon remand, American Southern moved to vacate summary judgment without prejudice to allow it to proceed with a renewed motion for summary judgment. American Southern never conceded or acknowledged the evidence previously presented to the trial court would not entitle it to summary judgment. The trial court denied the motion to vacate, concluding summary judgment was supported by the record. After jurisdiction was returned to this court, American Southern filed its Answer Brief and, in a footnote, for the first time, conceded the critical notice evidence offered to support its motion for summary judgment was unrelated to the case.
Despite the stringent standard required to support summary judgment, and American Southern's admission that the evidence it offered did not represent what it was purported to represent, American Southern continued to assert on appeal that the judgment should be affirmed. Clearly, at the time American Southern filed its motion to relinquish jurisdiction, it knew or should have known its defense of the trial court's order was not supported by the necessary material facts. See § 57.105(1)(a), Fla. Stat.; Albritton v. Ferrera, 913 So.2d 5, 8, n. 1 (Fla. 1st DCA 2005) (noting "`supported by the material facts' means the party possesses admissible evidence sufficient to establish the fact if accepted by the finder of fact."). It was American Southern's duty to timely confess error.

Conclusion
The order granting summary judgment is REVERSED. Magee's motion for an award of attorney's fees pursuant to section 57.105, Florida Statutes is GRANTED. The trial court is to determine a reasonable fee for the appeal, the motion to relinquish jurisdiction and the motion to vacate.
REVERSED and REMANDED for proceedings consistent with this opinion.
KAHN and PADOVANO, JJ., concur.