CORTINAS, J.
 

 Andre Banton (“Banton”) appeals from a final summary judgment in favor of State Farm Automobile Insurance Company (“State Farm”) on a claim for comprehensive loss benefits. We reverse.
 

 Banton filed a complaint against State Farm for benefits under an insurance policy (the “Policy”) for losses sustained when his automobile was stolen. State Farm had denied coverage asserting non-payment of premium prior to the loss, and sought summary judgment predicated upon Banton’s notice of cancellation. Specifically, State Farm alleged Banton was properly mailed a notice of cancellation to his last known address for the Policy as required under section 627.728(3)(a), Florida Statutes (2008). By sworn affidavit as well as deposition testimony, Banton claimed that several weeks prior to the
 
 *1063
 
 date of loss, he went to a State Farm office, verbally informed an agent that he moved to a different residence, and was told that the new address would be entered into State Farm’s records. However, Banton admitted that he received, approximately one day before the date of loss, a letter from the Florida Department of Motor Vehicles stating the Policy had been cancelled (the “DMV Letter”). State Farm argued, in the alternative, that the deposition testimony demonstrated Ban-ton’s actual notice of the Policy’s cancellation.
 

 Ultimately, the trial court determined there was a genuine issue of material fact as to whether the notice of cancellation was properly issued by State Farm under section 627.728(3)(a), Florida Statutes (2008). Nevertheless, the trial court granted summary judgment in favor of State Farm, concluding that, because Ban-ton had actual notice of the cancellation via the DMV Letter, State Farm effectively cancelled the Policy. We disagree and reverse.
 

 Florida’s statutory language is central to our determination that the trial court erred in granting summary judgment under the facts of this case. “For automobile insurance policies, the proof of notice [of cancellation] is ... regulated by statute.”
 
 Best Meridian Ins. Co. v. Tuaty,
 
 752 So.2d 733, 735 n. 3 (Fla. 3d DCA 2000). Section 627.728(3)(a), Florida Statutes, provides in part:
 

 No notice of cancellation of a policy to which this section applies shall be effective unless mailed or delivered by the insurer to the named insured and to the named insured’s insurance agent at least 45 days prior to the effective date of cancellation, except that, when cancellation is for nonpayment of premium, at least 10 days’ notice of cancellation accompanied by the reason therefore shall be given.
 

 § 627.728(3)(a), Fla. Stat. (2008) (emphasis added). “As we on more than one occasion have explained, a statute that is clear and unambiguous on its face requires no construction and should be applied in a manner consistent with its plain meaning[.]”
 
 Turnberry Invs., Inc. v. Streatfield,
 
 48 So.3d 180, 182 (Fla. 3d DCA 2010). The plain text of the controlling statute mandates that the Policy’s cancellation was effective only if State Farm mailed or delivered notice to Banton at least 10 days prior to the effective date of cancellation.
 
 See
 
 § 627.728(3)(a), Fla. Stat. (2008).
 

 State Farm cites
 
 Frazier v. Standard Guaranty Insurance Company
 
 in support of its claim that because “actual notice is sufficient notice,” Banton’s acknowledged receipt of the DMV Letter constituted actual notice of the Policy’s cancellation, and thus, the trial court did not err in granting summary judgment.
 
 See Frazier v. Standard Guar. Ins. Co.,
 
 382 So.2d 392, 394 (Fla. 4th DCA 1980). However,
 
 Frazier
 
 is distinguishable because there, the issue was whether actual notice was sufficient when the insurer, in sending the notice of cancellation, failed to comply with the proof of mailing statute even though the insured received the notice from the insurer.
 
 [1]
 

 Id.
 
 In
 
 Frazier,
 
 the Fourth District held that, although the
 
 *1064
 
 insurer did not comply with the strict statutory requirements of mailing the notice of cancellation, in so far as it omitted the insured’s apartment number, there was “substantial competent evidence that [the insured] actually received the notice [of cancellation]” sent by the insurer.
 
 Id.
 
 Because the insured actually received the notice of cancellation from the insurer, as required under section 627.728(3)(a), Florida Statutes, the Fourth District held the trial court did not err in finding the insured received actual notice of the cancellation from the insurer.
 
 [2]
 

 Id.
 
 at 394-95.
 

 Frazier
 
 is inapplicable because it did not address the issue of whether the DMV Letter constituted proper notice under section 627,728(3)(a), Florida Statutes (2008). The Fourth District’s holding in
 
 Frazier
 
 dealt squarely with notice of cancellation from the insurer as opposed to notice from a third party. As such,
 
 Frazier
 
 is entirely distinguishable and does not, in any way, conflict with our holding that the DMV Letter did not satisfy the statutory notice requirements under section 627.738(3)(a), Florida Statutes (2008).
 

 Here, unlike
 
 Frazier,
 
 Banton’s receipt of the notice of cancellation from State Farm is entirely in dispute, as the trial court correctly found.
 
 See Boman v. State Farm Mut. Auto. Ins. Co.,
 
 505 So.2d 445, 449 (Fla. 1st DCA 1987) (“[S]ince the record does not support the conclusion, as a matter of law, that State Farm did so, the cited cases are distinguishable ... and the summary judgment for State Farm cannot be affirmed on this ground.”).
 

 Furthermore, “[i]t is well settled that ‘summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.’”
 
 Magee v. Am. S. Home Ins. Co.,
 
 982 So.2d 1255, 1256 (Fla. 1st DCA 2008) (quoting
 
 Moore v. Morris,
 
 475 So.2d 666, 668 (Fla.1985)). In addition, the moving party “must show, by competent evidence, the nonexistence of any question of material fact.”
 
 Id.
 
 (citation omitted). Because Banton and State Farm have presented conflicting evidence on whether the notice of cancellation was properly mailed as required under section 627.728(3)(a), Florida Statutes (2008), “[t]he issue must be resolved at trial.”
 
 See Tuaty,
 
 752 So.2d at 735;
 
 see also Aries Ins. Co. v. Cayre,
 
 785 So.2d 656, 660 (Fla. 3d DCA 2001).
 

 There is no legal authority to support State Farm’s argument that actual notice of an automobile insurance policy cancellation can be imputed to an insured by any means other than that which is provided by the plain text of section 627.738(3)(a). Accordingly, we reverse the trial court’s entry of summary judgment and remand for proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 [1]
 

 . An earlier version of section 627.728(5), Florida Statutes, stated: "Proof of mailing of notice of cancellation ... to the named insured at the home address shown in the policy shall be sufficient proof of notice.” § 627.728(5), Fla. Stat. (1975). The applicable version of the statute states: "United States postal proof of mailing or certified or registered mailing of notice of cancellation ... by an insurer under the same ownership or management, to the named insured at the address shown in the policy shall be sufficient proof of notice." § 627.728(5), Fla. Stat. (2008).
 

 [2]
 

 . Section 627.728(3)(a), Florida Statutes (1975), contains the same substantive language as the applicable version of the statute.