*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRONSON HEALTH CARE GROUP, INC., and
SELECT SPECIALTY HOSPITAL-KALAMAZOO,
INC.,

UNPUBLISHED
August 26, 2021

Plaintiffs-Appellants,

v

Nos. 353905; 354034
Kalamazoo Circuit Court
LC No.   2019-000151-NF

STATE FARM FIRE AND CASUALTY
COMPANY, STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, and
STATE FARM GENERAL INSURANCE
COMPANY,

Defendants-Appellees.

Before:  RONAYNE KRAUSE, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

In this consolidated appeal, plaintiffs, Bronson Health Care Group, Inc., and Select Specialty Hospital-Kalamazoo, Inc., appeal by right the trial court's order granting defendants' (collectively, State Farm) motion for summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact).  We reverse and remand for further proceedings.

## I.  BACKGROUND

This matter arises out of injuries sustained by Eric Boodt in a car accident.  On February 19, 2018, Boodt purchased a 1998 Isuzu Rodeo.  Contemporaneously, Boodt acquired a no-fault insurance policy from State Farm, through the agency of Sabrina Pritchett-Evans.  At that time, Boodt lived at an address on Lake Street, and he had lived there since May 2015.  Nevertheless, the unsigned, computer-generated insurance policy application showed a mailing address on Clinton Avenue, which was where Boodt had lived until he moved to his Lake Street residence.  Unfortunately, there was no *direct* evidence to explain the discrepancy on the policy application: the office representative at the agency with whom Boodt interacted had left the office on bad terms and apparently no one knew her full name, and Boodt was unable to testify due to the severe nature

of the injuries he sustained. The parties therefore dispute what inferences can reasonably be drawn from the available circumstantial evidence.

On March 21, 2018, about a month after Boodt acquired the policy, State Farm sent Boodt a cancellation notice to the Clinton Avenue address, informing him that the policy would be canceled at 12:01 a.m. on April 5, 2018, if State Farm did not receive a premium payment before then. State Farm did not receive the payment,[1] and Boodt's policy was canceled. At approximately 2:00 p.m. on April 5, 2018, Boodt was involved in a serious motor vehicle accident. Boodt received medical treatment at plaintiffs' facilities, and when plaintiffs billed State Farm for the treatment costs, State Farm denied coverage.

Plaintiffs sued State Farm. State Farm moved for summary disposition on the basis that State Farm had properly mailed to Boodt a notice of cancellation, Boodt did not pay the premium, and the policy was canceled before Boodt's accident. Plaintiffs contended, and contend on appeal, that the circumstantial evidence (which we will discuss below) established a genuine question of material fact whether State Farm had actual or imputed knowledge of Boodt's residence on Lake Street. Plaintiffs argued that, as a consequence, there was a question whether State Farm had mailed the notice of cancellation to Boodt's "last known address" pursuant to MCL 500.3020(1)(b). The trial court found that there was no genuine issue of material fact that the policy was properly canceled and granted summary disposition pursuant to MCR 2.116(C)(10). This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision whether to grant a motion for summary disposition. See *Shepherd Montessori Ctr Milan v Ann Arbor Twp,* 259 Mich App 315, 324; 675 NW2d 271 (2003). "The purpose of summary disposition is to avoid extensive discovery and an evidentiary hearing when a case can be quickly resolved on an issue of law." *Id.* When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

In deciding a motion for summary disposition, the court must draw all reasonable and legitimate inferences in favor of the non-moving party and may not make factual determinations. *Skinner v Square D Co*, 445 Mich 153, 161-162; 516 NW2d 475 (1994). The moving party must initially support a motion for summary disposition with an affirmative demonstration that no

---

[1] It is not immediately apparent from the face of the policy or the electronic application printout how Boodt was to make payments. Nevertheless, the cancellation notice states that Boodt's account was "monthly," and State Farm's file reflects that Boodt's mother "verified [that Boodt's] financial records show[ed] the last payment to [State Farm] was made 2/2018." Plaintiffs do not dispute that Boodt failed to make the required payment.

material factual dispute exists. *Quinto v Cross and Peters Co*, 451 Mich 314, 362; 547 NW2d 314 (1996). The burden then shifts to the nonmoving party to establish that there is a question of material fact and that there is more than a "mere possibility" that the nonmoving party's "claim might be supported by evidence produced at trial." *Maiden*, 461 Mich at 121. The nonmoving party is not required to prove that party's case. See *Durant v Stahlin*, 375 Mich 628, 646-647; 135 NW2d 392 (1965) (SOURIS, J.); *Morales v Auto-Owners Ins Co*, 458 Mich 288, 304; 582 NW2d 776 (1998). Furthermore, "[t]his Court is liberal in finding genuine issues of material fact." *Jimkoski v Shupe*, 282 Mich App 1, 5; 763 NW2d 1 (2008). Nevertheless, although a question of material fact may be founded on circumstantial evidence, "mere conjecture or speculation is insufficient." *NcNeill-Marks v Midmichigan Medical Center-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016).

## III. ANALYSIS

As plaintiffs argue, State Farm was required to strictly and affirmatively comply with MCL 500.3020(1)(b) in order to effectively cancel Boodt's insurance policy. See *Depyper v Safeco Ins Co of Am*, 232 Mich App 433, 438-440; 591 NW2d 344 (1998); *Zoo Yang v Everest Nat'l Ins Co*, 329 Mich App 461, 468; 942 NW2d 653 (2019). MCL 500.3020(1)(b) provides that an insurance "policy may be canceled at any time by the insurer by mailing to the insured at the insured's address last known to the insurer or an authorized agent of the insurer, with postage fully prepaid, a [sic] not less than 10 days' written notice of cancellation." Therefore, failure to mail the notice to the insured's last known address is a failure to properly comply with the statute. See *Causin v Auto Club Ins Ass'n,* 211 Mich App 369, 372; 536 NW2d 247 (1995). Plaintiffs also correctly argue that any information known to State Farm's agent, i.e., Pritchett-Evans or her employees, must be imputed to State Farm. See *id*. at 371-372. However, the statute does not require the insured to receive actual notice of the cancellation, so long as the insurer properly mailed the notice. *Nowell v Titan Ins Co*, 466 Mich 478, 482-483; 648 NW2d 157 (2002).

We find the evidence insufficiently conclusive to permit summary disposition. In no particular order, Boodt's driver's license had been issued while he still lived on Clinton Avenue, and although there was a sticker on the back where a change-of-address would be found, the sticker was illegible. The Secretary of State confirmed that Boodt had changed his driver's license address almost three years before he purchased the policy from State Farm. The electronic system used by Pritchett-Evans's agency staff to generate policy applications could automatically fill in an applicant's address if the applicant previously had a policy with State Farm. Employees were supposed to confirm the address with the applicant, but it was possible the employee did not do so in this matter. According to his girlfriend, Boodt did have a motorcycle policy with State Farm at one point.[2] There appears to be no dispute that Boodt consistently provided his Lake Street address

---

[2] State Farm contends that it had no record of any such policy, and the statement from Boodt's girlfriend would be inadmissible hearsay. It is possible that plaintiffs will have a proof problem at trial, but at summary disposition, evidence does not need to be admissible in form, but rather must only be plausibly admissible in substance. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 373-374; 775 NW2d 618 (2009). We decline to make any

for all other purposes, from utility bills to child custody matters. Pritchett-Evans did not have access to information showing how Boodt's insurance certificate was delivered to him, but it was presumed that the dealership from which Boodt purchased the Isuzu would have received a binder showing Boodt's address as it had been taken down by the unidentified office representative. Nevertheless, the traffic accident report showed Boodt as living on Lake Street. Boodt's mother found a letter from State Farm to Boodt in his items, addressed to him at the Lake Street address. According to State Farm's file, an adjuster noted the discrepancy between the address on Boodt's application and the address in an "ECS report."

Clearly, it is possible to infer that State Farm was not aware of Boodt's address on Lake Street. Equally clearly, it is possible to infer that State Farm, or its agent, was aware of the address on Lake Street. As noted, all reasonable inferences must be construed in favor of plaintiffs at this stage. We find persuasive that Boodt gave out his Lake Street address for all other purposes, which gives rise to an inference that he would have told the employee at Pritchett-Evans's agency his correct address. That knowledge would be imputed to the agent, and then to State Farm, irrespective of whether State Farm had actual knowledge. There is a plausible explanation for why the wrong address was nevertheless entered into the policy application. State Farm's file indicates that the Lake Street address was found in its "ECS Report." We have found nothing in the record explaining what an "ECS Report" is, and at oral argument, State's Farm attorney also did not know what an "ECS Report is." As a consequence, we must construe the record as showing that State Farm did, in fact, have some knowledge of Boodt's address on Lake Street. The letter to Boodt from State Farm may have been mere junk mail, and it may have been mailed after the accident. However, in the absence of any evidence explaining how communication from State Farm could otherwise have been addressed to Boodt at Lake Street, the letter nevertheless also implies that State Farm did know about the Lake Street address.

We recognize that there may never be any direct evidence on point. Furthermore, we presume that by the time of trial, State Farm will be able to provide someone who actually knows what an "ECS Report" is, and possibly even how it came to address a letter to Boodt at Lake Street. However, civil liability may be found by the trier of fact on the basis of circumstantial evidence and reasonable inferences therefrom. *Skinner v Square D Co*, 445 Mich 153, 163-167; 516 NW2d 475 (1994); *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993). Importantly, as noted, a party responding to a motion for summary disposition is not required to prove the party's case or conclusively resolve questions of fact. *Durant*, 375 Mich at 645-647 (SOURIS, J.); *Morales*, 458 Mich at 304. On this record, a rational trier of fact could legitimately deduce, without resorting to speculation or conjecture, that State Farm had actual or

---

ruling at this time as to the ultimate substantive admissibility of this statement, but rather we only find it not so obviously inadmissible on its face that it should be discounted out of hand.

imputed knowledge of Boodt's address on Lake Street.  Irrespective of whether plaintiffs will ultimately prevail at trial, summary disposition was therefore improper.

Reversed and remanded for further proceedings.  We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Jane M. Beckering
/s/ Mark T. Boonstra